ALGER v. THE MISSISSIPPI AND MISSOURI RAILROAD
COMPANY.

1. CATTLE RUNNING AT LARGE. In this state, permitting cattle to run at large does not impute negligence on the part of the owner; neither is he liable as a trespasser if they are found on the track of an unfenced railroad.

2. LIABILITY OF RAILROAD COMPANY. A railroad company is bound to exercise ordinary care and prudence in running its trains, and is liable for injuries to cattle on its track, occasioned by the negligence or misconduct of its agents or servants. When the track is properly enclosed the company is liable only for gross negligence.

3. *Wagner* v. *Bissell*, 3 Iowa 396, and *Heath* v. *Coltenbeck*, 5 Iowa 490 reaffirmed.

*Appeal from Muscatine District Court.*

THURSDAY, DECEMBER 29.

THE plaintiff recovered a judgment against defendant in a justice's court for the sum of $90, for damages sustained by reason of injuries done to an ox belonging to plaintiff, by a train of cars in charge of the servants of defendants while passing over their road. On the trial of the cause in the District Court, on appeal, the defendant excepted to the rulings of the court on instructions given and refused, and assigns the same as error. The instructions are presented in the opinion of the court.

*Richman & Bro.* for the appellant, cited *Perkins* v. *Eastern Railroad Company, and Boston & Maine Railroad Company,* 29 Maine 307; 1 Am. Railway C.144 ; *Commonwealth* v. *Wilkinson,* 16 Pick. 175 ; 2 Eng. L. & E. R. 289 ; 12 Ib. 520; *Great Western Railroad Co.* v. *Thompson,* 17 Ill. 131; *Illinois Central Railroad Co.* v. *Reedy,* Ib. 580, Ib. 541.

*Cloud & Van Horne* for the appellees.

STOCKTON, J.—The defendant asked the court to charge the jury as follows :

"That a case of negligence will not be made against a railroad company by showing simply the injury to plaintiff's ox. It must be shown, if the ox was on the railroad track without defendant's consent, that there had been wanton, or wilful, or gross negligence on the part of the company, to create a liability." This instruction the court refused to give and charged the jury as follows:

"In order to recover, the plaintiff must show the injury alleged, and that the same happened in consequence of the negligence of the defendants, their agents or servants. If at the place where the injury happened the defendant's road was fenced, and if the ox got upon the road of defendant from the plaintiff's own land, or without the knowledge or consent of the defendant; and if as soon as the ox was discovered to be upon the track, the engineer and servants of defendant used ordinary diligence and exertions; that is if they used all means within their power consistent with the safety of the train, to prevent the injury, then the defendant is not liable.

"If the owner of the land through which a railroad is constructed, or who lives near to, or adjoining such road permits his cattle to run at large knowing that they are liable to find their way upon the track, and perhaps thereby endanger the safety of the trains, then such owner assumes and takes upon himself all risk of injury and damage which may be done by the running of trains unless he can show that such injury and damage were occasioned by the negligence and misconduct of the railroad company or its agents and servants in charge of the train. The defendant is not bound to fence its road in from cattle, and the owners of cattle have a right to allow them to run at large for the purpose of subsisting and grazing. Yet if they do allow them to run at large, knowing their liability to get upon the land of defendant, they assume the peril of all accidents which may be occasioned to them by trains, in case such accidents can not be prevented by reasonable and prudent exertions on the part of the agents and persons in charge of such trains.

"The gist of the plaintiff's action is the negligence and misconduct of the defendant.   The burden of showing this is on the plaintiff.   This negligence the jury can not infer from the mere fact of the injury, and unless such carelessness and misconduct are shown the jury should find for the defendant."

· At the request of the plaintiff the court gave the following charge to the jury : "That if by the exercise of proper care on the part of the servants of the defendant, the injury to the plaintiff's ox might have been avoided ; and the jury find there was a want of such care, then the defendant is liable to the extent of the injury.

"That what is proper care is a question of fact for the jury to determine, taking into consideration all the circumstances of the case."

The principal portion of the argument for defendant is directed against the rule of law established by this court in *Wagner* v. *Bissell* , 3 Iowa 396, and reaffirmed in *Heath* v. *Coltenback*, 5 Iowa 490, that the owner of cattle is not required to keep them within their own inclosure, and that he may lawfully suffer them to run at large upon the uninclosed lands of another person.

We have seen no reason for a change of this rule.   It seems to us founded in reason and justice, and is well supported by authority.     *Kerwhacker* v. *C. C. & C. R. Co.*, 3 Ohio Stat. 172; *Stadwell* v. *Rich*, 14 Conn. 293 ; *Barnum* v. *Van Dusen*, 16 Ib. 200 ; *Town of Beaufort* v. *Danner*, 1 Strobhart 175 ; *Seely* v. *Peters*, 5 Gilm. 130.

If the cattle of the plaintiff were lawfully permitted to go at large, he is not to be considered a trespasser if they are found upon the railroad track of the defendant.   Nor can the mere fact of their being permitted to go at large be a ground of imputing negligence to the owner.

It may be as is held in the charge of the court, that the owner by suffering his cattle to roam at large, knowing their liability to go upon the tract of the defendant's road, takes upon himself the risk of their being injured by the locomotive.   This risk assumed by the owner does not, however,

release the railroad company from the obligation of using ordinary care and diligence in running its trains to avoid injuring the cattle, nor for all responsibility for injuries except those resulting from gross or wilful negligence.

In those states where the owners of domestic animals are required to keep them within an enclosure, and are not allowed to suffer them to run at large, the courts have ruled that when they are suffered to run at large and happen to stray upon the track of a railroad, the servants of the company are released from the duty of exercising ordinary care, and the company is only liable for gross negligence or wilful injury. *Jackson* v. *Rutland & B. R. Co.*, 25 Vermont 150; *Munger* v. *Tonawanda R. Co.*, 4 Comstock 349.

If the cattle however are lawfully at large, and without any wrong upon the defendant's road the owner may recover for any damages resulting from the servants or agents of the company causing the locomotive engine to be driven in such a way as to kill or injure the cattle. If such cattle are altogether wrong doers in being upon the railroad, the company are responsible only for wilful injury or gross negligence.

The test of the liability of the defendant is whether at the time of the accident reasonable and ordinary care was exercised to avoid the injury. The road of the defendant not being enclosed, it was to be expected that animals running at large would come upon the track, and defendant is required to run its engines with reference to this known rule of law, that within the State of Iowa cattle are allowed to run at large, and without any wrong may come upon defendant's road.

Whether there was negligence or want of care, was a question properly left to the jury. The care required is such as under the circumstances the defendant might reasonably be expected to give to prevent injuries. In *Beers* v. *Housatonic Railroad Co.*, 19 Conn. 566, it was held that "there is no distinction between railroads and ordinary highways in regard to the degree of care which the law requires on the part of those who have the direction or management of ve-

hicles upon them. The rule is the same on this subject whether they are driven or propelled on one or the other of these roads, and where there is an interference, whether one of them crosses a road of the same, or of the other kind. The proprietors of railroads have no immunity which excuses them for a less, or authorizes them to require a greater degree of care when about to cross an ordinary road, than if theirs was one of the latter description. Reasonable care is what is required of those having the management of vehicles on either of them in all cases."

It is to this reasonable care the defendant is to be held until its road is fenced and provided with cattle guards, of such a character as shall prevent the cattle of adjoining proprietors from straying upon the road. When such barriers and safeguards are provided, and not until then, will domestic animals found upon the track be regarded in the light of trespassers, and railroad companies released from the obligation of exercising reasonable and ordinary care, in running their trains, and held liable only for gross negligence, evincing wilful misconduct.

Judgment affirmed.