BALCOM v. THE DUBUQUE AND SIOUX CITY RAILROAD COMPANY.

1. **Railroad:** NEGLIGENCE. In an action against a railroad company for damages sustained by the killing of plaintiff's cattle by running the cars of defendant over them at a point where the public highway crossed defendant's road: *Held,* that if the cattle were not on the track by the negligence of plaintiff, the test of defendant's liability is, whether, at the time of the accident, reasonable and proper care was exercised to avoid the injury.

*Appeal from Blackhawk District Court.*

THURSDAY, JUNE 28.

THE facts are stated in the opinion of the court.

*James M. McKinlay* for the appellant.

*Bagg & Allen* for the appellees

WRIGHT, J. — Plaintiff sues for the value of two cows killed by the cars, engine, &c., of defendant. The law as asked by the defendant (the appellant) was given, and the only question is, whether the verdict was warranted by the evidence.

A motion for a new trial on this ground was overruled,

and this ruling we are not disposed to disturb. The testimony was somewhat conflicting. As an original question, we would have felt inclined to a different conclusion from that reached by the jury. They have, however, weighed and passed upon the testimony of the several witnesses, and the court below, with a full knowledge of all the facts, has refused to interfere with their finding. If there was *negligence* (as explained in the instruction), then there remains no question as to plaintiff's right to recover; and there was certainly testimony from which the jury might find for plaintiff on the issue. We cannot say that the verdict was unwarranted.

The cattle were killed at a point where a public highway crossed defendant's track. Defendant in such a case would be liable for less than gross negligence. In other words the cattle had a right to run at large, and if not on the track by the act or negligence of the plaintiff, the test of defendant's liability is, whether at the time of the accident reasonable and proper care was exercised to avoid the injury. This is the rule in this State however it may be in others. *Alger* v. *The Mississippi & Missouri Railroad Company*, 10 Iowa, 268; *Bartlett* v. *Dubuque & Sioux City Railroad Company*; *Hanley* v. *Dubuque & Sioux City Railroad Company, ante.*

Affirmed.