21 103
78 414

## WHITBECK v. THE DUBUQUE AND PACIFIC RAILROAD COMPANY.

1. **Railroads:** INJURIES TO CATTLE. Railroad companies are required, in this State, to use ordinary and reasonable care to avoid injuring cattle upon their tracks at points where they have no right to fence; and are liable for injuries done to cattle at such points, by their trains, in the absence of such care, on their part, and of negligence on the part of the owner.

*Appeal from Blackhawk District Court.*

THURSDAY, JUNE 28.

PLAINTIFF claims damages for the killing of a cow on the depot grounds of defendant, by its engine and cars. Judgment for plaintiff, and defendant appeals.

*James M. McKinlay* for the appellant.

*Cady & Bowman* for the appellee.

WRIGHT, J. — The testimony tended to show that plaintiff resided on a lot fronting the depot grounds and near the depot buildings; that the cow came on to the track at a point within the limits of these grounds, and while there, was struck by the engine, when within about three rods of the depot buildings. These grounds are uninclosed and within the town of Waterloo.

1. RAILROADS: injuries to cattle.

The jury might reasonably infer some negligence on the part of the company's servants, or a want of ordinary care; but there was nothing to show gross negligence. There is no evidence that plaintiff knew the cow was on the depot grounds, or was in the habit of running there.

The court instructed that if there was no negligence on plaintiff's part, defendant would be liable if the injury occurred by reason of the negligence or mismanagement of its agents, although at a point where the company had no right to fence. And upon the same subject refused to instruct, when asked by defendant, that the company was not bound to fence its depot grounds, and would not be liable for the injury to stock there occurring without proof of gross negligence. The court also instructed that plaintiff, under such circumstances, might recover the actual value of the property by showing a want of ordinary care, and refused to instruct that the act of the

plaintiff in allowing his cow to run at large upon the depot grounds of defendant is evidence of negligence.

The language of the statute is that a company failing to fence its road against live stock at all points *where it has the right to fence*, shall be absolutely liable to the owner of any live stock injured, &c., by reason of the want of such fence, &c., unless the injury is occasioned by the willful act of the owner; and in such cases, in order to recover, it shall only be necessary for the owner to prove the injury complained of. § 6, ch. 169, Laws of 1862.

For constructions of this statute, and the rules governing the liabilities of railroad companies in this State in such cases, we refer to *Alger* v. *The Mississippi and Missouri Railroad Company*, 10 Iowa, 268; *Jones* v. *The Galena and Chicago Union Railroad Company*, 16 Id., 6; *McCool* v. *Same Company*, 17 Id., 461; *Bartlett* v. *The Dubuque and Sioux City Railroad Company; Balcom* v. *Same Company; Hanley* v. *The Dubuque and Sioux City Railroad Company, ante.*

Now if the company has the right to fence, and the injury occurred by reason of the want of such fence, then, under this statute, the liability is *absolute*, unless the loss was occasioned by the willful act of the owner. If there was no right to fence, then the rule governing the liability, stands as it did in this State before the passage of the statute and as stated in *Alger* v. *The Mississippi & Missouri R. R. Co., supra*, decided in 1859. Says STOCKTON, J., in that case: "Cattle are not to be considered as trespassers if found on the track of a railroad, nor can the mere fact of their being permitted to go at large be a ground of imputing negligence to the owner. It may be * * * that the owner by suffering his cattle to run at large, knowing their liability to go upon the track of defendant's road, takes upon himself the risk of their being injured by the locomotive. This risk, however, does not release the company from the obligation of using

ordinary care and diligence in running its trains to avoid injuring cattle, nor for all responsibilities for injuries except those resulting from gross or willful negligence." And after referring to the different rule in those States where the owners of domestic cattle are required to keep them within an inclosure, he proceeds: "The test of liability is, whether at the time of the accident, reasonable and ordinary care was exercised to avoid to injury. The road of the defendant not being inclosed, it was to be expected that animals running at large would come upon the track, and defendant is required to run its engines with reference to the known rule, that within the State of Iowa, cattle are allowed to run at large, and without any wrong, may come upon defendant's road." And see *Beers* v. *Housatonic Co.*, 19 Conn., 566; *Kerwhacker* v. *Cleveland, Columbus & Cincinnati Railroad Company*, 3 Ohio, 172; *Same* v. *Elliott*, 4 Id., 474.

This case, it seems to us, covers every question involved in the present one. And it becomes immaterial to inquire whether the company had or had not the right to fence the road at the point where the injury occurred.

For, whether the right existed or not, they were bound to the use of ordinary and reasonable care. We only need add what the case above cited shows that the act of plaintiff, in permitting the cow to run at large, would not be evidence of negligence. Nor was there any evidence that there was any municipal regulation preventing cattle from running at large within the limits of the city of Waterloo.

In addition to this, we may say that there was no evidence that plaintiff had any knowlege that the cow was, at the time of the injury or any other, upon defendant's grounds.

The instruction asked upon this subject was properly refused, if for no other reason, because it was inapplicable.

Affirmed.