## BOWER v. THE B. & S. W. R. Co.

1. **Railroad:** LEASE OF: LIABILITY. A railroad corporation cannot escape liability for an accident occurring while its road is being operated in the corporate name, even though in fact it may have been leased and was at the time controlled by another party.

2. ——: ——: STATUTE. Sections 1278 and 1307, making lessees liable to the same extent as the corporations themselves, provide merely a cumulative remedy and do not release the corporations.

3. **Verdict:** WHEN EXCESSIVE: WEIGHT OF EVIDENCE. While the Supreme Court is disinclined to disturb a judgment merely because the verdict is excessive or against the weight of the evidence, the *nisi prius* court should not in such cases hesitate to grant a new trial.

### *Appeal from Davis District Court.*

### FRIDAY, MARCH 24.

THE petition states that the plaintiff was a passenger on a train on the defendant's road, and that through the negligence and fault of the employes of defendant he was greatly injured and damaged in the sum of ten thousand dollars. The answer consisted of a general denial. The jury found for the plaintiff in the sum of four thousand dollars. Defendant appeals and now insists that the damages were excessive and the instructions erroneous.

*Trimble & Carruthers* and *P. H. Smyth,* for appellant.

Unless a corporation which owns a railway is also operating it, it cannot be liable for any injuries caused by it, and if the road has been leased and the lessee is operating it, then the liability is transferred by statute to such lessee. (*Stephens v. D. & St. P. R. Co.,* 36 Iowa, 328.) A railroad company is not liable for the negligent manner of doing any work which it cannot control. (*Callanan v. B. & M. R. R. Co.,* 23 Iowa, 562.) The parties controlling the train and no others are liable. (*Fletcher v. B. & M. R. R. Co.,* 1 Allen, 14; *Hadfield v. Roper & Newell,* 21 Wend., 622.) The party in possession is pecuniarily liable for injuries and defaults. (1 Redf. on

Railways, 5 ed., § 142.) Where the court believes the verdict is manifestly not sustained by the evidence, it is his duty to grant a new trial. (Miller's Pleading & Practice, p. 393.)

*Casey & Hobbs* and *M. H. Jones*, for appellee.

SEEVERS, CH. J.—I. The evidence shows that at the time of the accident the road was leased to one Ward by the defend-

1. RAILROAD: lease of: liability.

ant. It also clearly appears that the business of the road "was given out in the name of the defendant, all contracts were made in its name, and the cars bore that brand, the tickets the same, and there was no change to the outside world in the business and management of the company." Freight bills were made out and collected in the name of the company. Such being the undisputed facts the court instructed the jury, * * "If the road at the time of the accident was being run in defendant's name it would be liable to the plaintiff, though the road may in fact have been leased, or though some other persons as lessees or otherwise might be in fact controlling said road." In the *Railroad Company v. Brown*, 17 Wall., 445, the facts were briefly as follows: The road was leased to two persons. The company getting into pecuniary difficulty, that portion of the road within the District of Columbia was placed in the hands of a receiver and the whole road was worked on the joint account of the lessees on the Virginia side and the receiver on the District side. Tickets were issued in the name of the railroad company. The opinion is by DAVIS, J., and he says: "It is the accepted doctrine in this country that a railroad corporation cannot escape the performance of any duty or obligation imposed by its charter, or the general laws of the State, by a voluntary surrender of its road into the hands of lessees. * * The holder of a ticket contracts for carriage with the company, not with the lessees."

If the case from which this quotation is taken be law, and about that there can be no doubt, then there was no error in

2. ——: ——: statute.

giving the instruction above referred to, unless it be, as is urged, that the provisions of the Code,

Secs. 1278 and 1307, making lessees of railroads liable to the same extent as the corporation, inaugurate a different rule. It will be readily seen, however, that the remedy against lessees is cumulative only. The liability against the corporation exists in full force and vigor without any statutory aid whatever. The cases cited by counsel for appellant are not in point, for the reason that they are all in relation to stock killed. In this class of cases, while it may be admitted that the right of action existed independent of the statute, yet negligence in such case must have been shown. *Alger v. M. & M. R. Co.*, 10 Iowa, 268. The statute, however, presumes negligence when the road is not fenced, and all the plaintiff has to prove is that his stock was killed and his damages. Practically the statute gave the right of action. The lessee has the same right and is under the same obligation to fence as the corporation. This had an important bearing, if it was not the turning point, in *Stephens v. The D. & St. P. R. Co.*, 36 Iowa, 328.

II. That the plaintiff was considerably hurt must be conceded, and also that he suffered much pain and bodily anguish. 3. VERDICT: when excessive: weight of evidence. The point that the damages were excessive was made in the court below and overruled, and it is impossible for this court to say that in this there was error. The numerous decisions on this subject show the reluctance of this court in disturbing verdicts on this ground. To discuss the evidence in detail would not be beneficial. At this day courts below fully understand the rule on this subject in this court, and their opportunity of fully understanding the subject is so much better than ours they should, in all instances where the damages are excessive and clearly against the weight of the evidence, fearlessly assume the responsibility of setting aside the verdict.

AFFIRMED.