PEARSON v. THE MILWAUKEE & ST. PAUL R. Co.

1. **Pleading:** CAUSE OF ACTION: STATEMENT OF. Under the Code the same cause of action may be stated in different counts of the petition, and, while a statement therein that the counts relate to the same cause of action is unnecessary, yet it will not vitiate the pleading.

2. **Negligence:** DOMESTIC ANIMALS RUNNING AT LARGE: RAILROADS. A railway company is released from the duty of exercising ordinary care toward a domestic animal required to be kept in an inclosure, which may have strayed upon its track, only when the animal is at large by the owner's sufferance.

*Appeal from Clayton Circuit Court.*

WEDNESDAY, APRIL 4.

ACTION for damages for killing plaintiff's colt. The petition contains two counts.. In the first it is averred, in substance,

that the colt was killed at Luana station, through the gross and wanton negligence of the defendant, and that the plaintiff was damaged thereby in the sum of three hundred dollars. In the second, it is averred that the colt was killed at a point where the defendant had a right to fence, but had not fenced; that plaintiff had served upon the defendant an affidavit of the killing, and notice of claim of damages, more than thirty days prior to the bringing of the suit, and in said count the plaintiff prayed judgment for four hundred dollars. The petition contains a statement that the two counts relate to one and the same cause of action.

The defendant made a motion for an order that the plaintiff be required to elect on which of the two counts of action he will stand. This motion was overruled. The defendant then answered. Other facts are stated in the opinion. Trial by jury, verdict and judgment for plaintiff. The defendant appeals.

T. *Updegraff*, for appellant.

S. S. *Powers* and *Stoneman & Chapin*, for appellee.

Adams, J.—I. The appellant assigns as error the overruling of its motion assailing the petition.

Section 2934 of the Revision required that one cause of action should be expressed in but one statement, and, in case

1. PLEADING:   it should be expressed in more than one, and the
cause of ac-   defendant should move to strike out all but one,
tion: state-
ment of.       it would be necessary for the plaintiff to do so, or prove as many causes of action as there were counts, or pay the costs of the whole trial.

To guard against the inconvenience which might sometimes arise, it was provided by section 2936 that a cause of action might be stated in different counts when the plaintiff could not determine which he would be able to prove. Both these sections are omitted from the Code of 1873, and the effect is, we think, to remit parties to the common law rule allowing the same cause of action to be pleaded in different counts.

If it is stated, as in the petition in this case, that the counts relate to the same cause of action, such statement, while it is unnecessary, will not, we think, vitiate the pleading. Section 2644 of the Code abolishes all technical forms of actions, and fictions. We cannot hold, therefore, that the petition is liable to this objection.

But it is further objected that the petition sets up a cause of action not referred to in the original notice. It would appear from the notice that the damages claimed are those given by statute. The petition shows facts which, if true, would entitle the plaintiff to such damages. It also shows other facts which, if true, would entitle the plaintiff to only such damages as are recoverable at common law. Still, the cause of action, in either case, was the killing of the colt, and we do not think that the objection is well taken.

II. The defendant asked the court to give an instruction in the following words: "If the colt was a stallion nearly three years old it was the owner's duty to keep him up, and if he was killed on defendant's depot or station grounds the plaintiff cannot recover, unless he proves that such colt was killed through the gross and wanton carelessness of the defendant."

2. NEGLI-GENCE: domestic animals running at large: railroads.

This instruction the court refused, and we think properly. The appellant in support of the instruction cites *Alger v. R. R Co.*, 10 Iowa, 268 (271), and quotes from the opinion the following words: "In those states where the owners of domestic animals are required to keep them within an inclosure, and are not allowed to suffer them to run at large, the courts have ruled that when they are suffered to run at large and happen to stray upon the track of a railroad the servants of the company are released from the duty of exercising ordinary care and the company is liable only for gross negligence or willful injury."

Conceding this to be the rule, and that the animal was such as the plaintiff was prohibited by statute from allowing to run at large, we think that the instruction was properly refused. It ignored the material question upon which the jury should have been called upon to pass, and that is as to whether the

animal was at large by plaintiff's sufferance. It would not follow that he was from the mere fact that he was at large. This precise point was ruled in *Buckley v. R. R. Co.*, 27 Conn., 479. The case arose under a statute similar to ours. The plaintiff left his cows in front of his house intending to milk them, and they strayed away about a mile to the defendant's railroad and were injured. It was held that the defendant could not escape liability by reason of the statute, if the plaintiff intended to put the cows into an inclosure, and exercised ordinary care for the purpose of keeping them. In the case at bar the evidence tends to show that the colt escaped from the plaintiff's barn the night he was killed, and without any fault on the part of the plaintiff.

III.   The appellant claims that the verdict is not sustained by the evidence; and certain instructions, the giving of which is assigned as error, are considered by appellant in his argument with reference to the sufficiency of the evidence. It seems to us by no means certain that the injury was caused by the defendant's fault. But certain circumstances were shown which might be considered as indicating that it was particularly the omission to sound the whistle. What should have been done under the circumstances shown it is difficult to determine. That question, however, was peculiarly for the jury, and while we doubt the correctness of their verdict we do not feel at liberty to disturb it.

                                                      AFFIRMED.