Van Brunt & Co. v. Mather.

48 503
79 123

VAN BRUNT & CO. v. MATHER ET AL.

1. Pleading : STATEMENT OF CAUSE OF ACTION. Under the Code the same cause of action may be stated in different counts and in different forms.

2. Partnership: AUTHORITY OF PARTNER: PROMISSORY NOTE. If a firm is engaged to any extent in making collections, even though that may not be the principal business of the partnership, one of the partners may bind the firm by a promissory note given for a balance of money collected by it.

*Appeal from Winneshiek District Court.*

FRIDAY, JUNE 7.

ACTION at law upon a promissory note executed by a firm, of which defendants were copartners. There was a judgment for plaintiff. Defendant Green appeals.

*Stoneman & Chapin,* for appellant.

*Brown & Wellington,* for appellees.

BECK, J.—I. The original petition declared upon a promissory note executed by E. Mather & Co., and averred that defendants, as copartners, constituted that firm. An amendment to the petition, called an additional petition, was subsequently filed, alleging that defendants were copartners, and as such received from plaintiffs certain agricultural implements for sale; that the property was sold by defendants and promissory notes taken

1. PLEADING: statement of cause of action.

in payment, which were left by plaintiffs with the firm for collection, and were by the firm collected, and that thereafter plaintiffs and the firm had a settlement, and there was found due plaintiffs an amount for which the promissory note in suit was executed. Thereupon defendant Green asked that plaintiffs be required to elect on which cause of action set up in their petition or amended petition they would rely, and that the other be stricken out. The motion was overruled, and this action of the court constitutes the first ground of objection urged upon our attention by defendant.

If it be conceded that the petition, as amended, presents two causes of action, it is not for that reason bad. Under the Code the same cause of action may be stated in different counts and in different forms. The practice prescribed in the Revision has been changed in this respect by the Code. *Pearson v. The Milwaukee & St. Paul Railroad Company*, 45 Iowa, 497. The ruling of the court below was, therefore, correct.

II. It is urged that the transaction for which the note was given was not within the scope of the business of the firm. 2. PARTNER-SHIP: authority of partner: promissory note. The testimony shows that defendant received of plaintiffs notes for collection, and the paper in suit was given for money collected thereon. The articles of copartnership between defendants show the business of the firm to be general storage, forwarding and commission, the erecting and operating of a grain elevator, and building and doing other work under contract. It is shown that the firm did, to some extent, a collection business; at least, they collected notes left with them for that purpose, which had been given for implements and machinery sold by them. It is not shown that plaintiffs, or any other persons doing business with defendants, had knowledge of the limitation of their business as above stated. As it is shown that the firm did do the business of collection, it must be regarded, so far as the rights of plaintiffs are involved, to be the business of the firm. *Stanchfield v. Palmer*, 4 G. Greene, 23; Lindley on Partnership, p. 192.

III.  It is next urged that the firm had been dissolved before the note was executed.  But the court was authorized to find from the testimony the contrary conclusion of fact.

IV.  The conclusions we reach, above stated, dispose of the case.  The court below was justified, upon the testimony, in finding that the note was given in a transaction within the business of the firm, as prosecuted, and that the copartnership had not been dissolved.  All objections not noticed above are disposed of by these conclusions.

AFFIRMED.