Peck v. Schick & Co.

PECK v. SCHICK & Co.

1. **Pleading : AMENDMENT: NEGOTIABLE PAPER.** Where the petition in an action upon an order averred demand and notice, and an amendment filed after argument contained an averment of waiver of demand and notice, it was *held* that the pleadings would sustain a finding of a waiver.

2. **Referee : PRACTICE.** In the absence of the evidence, the finding of a referee upon a question of fact will be presumed to be correct.

*Appeal from Wapello Circuit Court.*

FRIDAY, DECEMBER 13.

ACTION upon an order in these words:

"$1,000.                          OTTUMWA, February 1, 1876.
"*To Charles F. Blake, Treasurer Ottumwa Water-Power Company :*

"Pay to the order of D. B. Sears & Son one thousand dollars, with ten per cent interest, and charge to account.

"W. B. BONNIFIELD, President.
"J. O. BRISCOE, Secretary."

Upon said order there were the following indorsements in blank: "D. B. Sears & Son." "J. Schick & Co."

The plaintiff sold to J. Schick & Co. certain real estate, and took said order from them for part of the purchase money. The action was brought against all the parties to the instrument, but J. Schick & Co. alone defended.

It appears from the abstract of appellant, and the additional abstract filed by appellee, that the plaintiff filed in succession four amendments to his petition. The cause was tried before a referee. The third amendment was filed during the argument of the cause before the referee, and the fourth was filed after the close of the argument. The defendants answered the petition as first amended, and each amendment thereafter made. The record of the pleadings as presented in the

two abstracts is necessarily very much confused. We will endeavor to state the substance only.

1. It is averred in the original petition that the order was transferred by J. Schick & Co. to plaintiff in February, 1876, and that plaintiff, in company with Charles Schick, one of the defendants, at once presented the same to Blake, treasurer, for payment, and the parties were informed by said treasurer that there was no money in his hands for payment, and that notice of non-payment was given to defendants.

2. The first amendment to the petition sets out that plaintiff repeatedly demanded payment of the water-power company, which was refused, and that he had frequent conversations with said Charles Schick and with the other defendants, and told him and them that the water-power company refused payment, alleging that the company had no money with which to pay; that after the defendants were informed that the order was not paid they repeatedly agreed to pay it. This amendment sets out times and places when and where, on two occasions, the defendants promised to pay said order.

3. The third amendment avers that defendants indorsed the order to plaintiff as part of the consideration for certain real estate sold by plaintiff to defendants, and that it was frequently talked of by plaintiff and defendant that there was no money in the treasury of the water-power company to pay the order.

The defendants answered the original and amended petitions by admitting that the water-power company executed the order, and that D. B. Sears & Son and the defendants indorsed the same, and that defendants indorsed it to plaintiff as part of the consideration for certain real estate. They denied that plaintiff presented said order to the water-power company for payment, or demanded payment in presence of the defendant Charles Schick, or in presence of any of the defendants, and denied that said treasurer informed Charles Schick, or any of the defendants, in presence of the plaintiff, that there was no money in his hands with which to pay the same.

They also denied generally each and every other allegation in the petition and amendments thereto.

4. The next amendment to the petition was filed during the argument of the cause before the referee, and averred that "the defendants, with a full knowledge of all the matters relating to a demand of payment and notice of non-payment, and after being fully acquainted with the premises, agreed that they would pay said note or bill, and unequivocally acknowledged their liability as indorsers, and waived all laches of plaintiff, if plaintiff had been guilty of any laches." To this amendment the defendant answered, denying the demand and notice alleged, and denying that defendants "were acquainted with the premises; denying that they agreed to pay the note or bill, or acknowledged their liability as indorsers, and denying that they waived laches of plaintiff."

5. The last amendment made to the petition avers that said order is not a negotiable instrument, and is not subject to demand and notice in order to bind indorsers, as in the case of negotiable instruments. It is also again averred that the defendants knew the water power-company had no funds with which to pay said order, and knew that it would not be paid, and had no right to notice of presentment and non-payment. "Also, said defendants, indorsers on said note, waived the want of due notice, and, with full knowledge of all that had been done in the premises, promised subsequently to pay and take up said check sued on."

To this amendment the defendants answered, denying each and every allegation therein. This answer also contained these words: "For further answer said defendants say plaintiff should not claim that they ever made a waiver of demand and notice, because he alleges that there was due demand made on the maker, and due notice of non-payment given."

The referee reported in substance that the plaintiff demanded payment of the order of the treasurer of the water-power company, and that payment was refused, but that

plaintiff did not give notice to defendant of the non-payment within the proper time.

The seventh paragraph of the findings of the referee is as follows:

"7.    I find that said J. Schick & Co. expressly waived notice of non-payment of said order about the last of September or forepart of October, 1876, with a full knowledge that no such notice of non-payment had been given, and did then unconditionally agree with plaintiff, J. M. Peck, to pay the full amount of said order, with a full knowledge that no such notice of non-payment had been given them. I also find that plaintiff is entitled to a vendor's lien on the land purchased, for the amount due, commencing at date of purchase."

Upon this finding the referee recommended a judgment for the plaintiff. The defendants filed exceptions to the report of the referee, which were overruled, and a judgment was entered accordingly. Defendants appeal.

*Chambers & McElroy*, for appellants.

*W. W. Corey*, for appellee.

ROTHROCK, CH. J.—I.    We have been somewhat particular in stating the substance of all the pleadings because it is strenuously argued by counsel for appellants that under the pleadings the referee was not warranted in finding that the defendants, with a full knowledge of the want of notice of non-payment, expressly waived the same, and unconditionally promised to pay the full amount of the order. It is urged that the plaintiff, by his petition and all the amendments thereto, pleaded that he made demand and gave notice of non-payment, and, therefore, cannot recover upon a waiver and promise to pay by defendants.

1. PLEADING: amendment: negotiable paper.

It is true that a party can only recover upon the cause of action set forth in his petition, and he cannot under our sys-

tem of pleading, in an action against the indorser of a note, aver demand and notice, and then recover thereunder upon proof of facts amounting to a waiver of them. *Lumbert & Co. v. Palmer*, 29 Iowa, 104, and authorities there cited. But, while it is true our practice requires that the petition must contain a statement of the facts constituting the cause of action, yet it is not required that such statement should be certain to a certain intent in every particular. In the last amendment to the petition in this case it is distinctly averred that the defendants waived the want of due notice, and this is pleading, inferentially at least, that no notice was given. To this there is a general denial, and, as showing that the defendants knew that plaintiff, by his amendment, relied upon the waiver of notice, and were, therefore, advised of what was claimed, the answer sets up that plaintiff should not claim a waiver of demand and notice, because he alleges that there was demand and notice.

It seems that the plaintiff relied upon both grounds, and this he might have done in the first instance by stating his cause of action in separate counts. *Pearson v. The Milwaukee & St. Paul R. Co.*, 45 Iowa, 497. He pleaded it by amendment, presumably, to make the pleadings conform to the proof, as provided in section 2689 of the Code.

We think the pleading as to the waiver of notice and promise to pay, with a full knowledge of the facts, was sufficient, especially after verdict. If too general and indefinite in its statements of facts it should have been assailed by a motion for a more specific statement.

II. It is further urged that the finding of the referee that defendants waived notice of non-payment and promised to

2. REFEREE: practice. pay the order is not justified by the facts found by the referee. The record does not contain the evidence. The referee filed a supplemental report setting forth that an agreement was made between the parties at a certain time and place that defendants would pay the order, and that he found from the testimony that both parties

"understood, at the-time the agreement to take up the order was made, that there had been no notice of non-payment given in time, unless the notice at the time the order was received was notice." It will be seen from this extract from the report that the referee did not undertake to report the evidence. In the absence of the evidence we must accept the report as correct as to the facts found.

III. The appellee claims that the order in question is not a negotiable instrument, and that the defendants would be liable without demand and notice. The instrument is in form negotiable. Whether the water-power company was such corporation as was authorized to draw negotiable paper we are not called upon to determine, because the record does not disclose for what purpose the corporation was organized.

It seems to have been assumed by the referee that the instrument was negotiable, and the cause was tried by the parties upon that theory, and there we will let it rest.

AFFIRMED.