Kimball & Mitchell v. Bryan.

56   632
84   719
56   632
101   64
56   632
104  586
56   632
120  565
56   632
139  249

KIMBALL & MITCHELL v. BRYAN.

1. **Practice**: PLEADING: AMENDMENT. An amendment to a petition may be filed without leave of court at any time before answer, and notice of such amendment to the adverse party is waived by an appearance thereto; an amendment to a petition on account setting up a draft signed by the defendant, and alleging that the indebtedness thereon is the same as that shown by the account, is not inconsistent with the petition and does not render necessary a new original notice.

2. ——: ——: ——. A party may thus plead the same indebtedness in different courts without rendering the pleading subject to demurrer.

3. **Statute of Limitations**: EFFECT OF FILING MECHANIC'S LIEN. The fact that a claim for a mechanic's lien is filed and then allowed to become barred by the statute of limitations will not operate to bar an action to recover the indebtedness on which the claim is founded.

4. **Draft**: PAROL EVIDENCE TO VARY TERMS OF. Parol evidence is not admissible to show that a draft payable by its terms in money is in fact, by the understanding of the parties, payable in something else.

5. ——: LIABILITY OF DRAWER: PRESENTMENT AND NOTICE. The drawer of a draft which he had no reasonable ground to believe would be honored is liable thereon without proof of presentment and notice of nonpayment.

6. **Practice**: CONTINUANCE. A showing for continuance held insufficient.

*Appeal from Story District Court.*

WEDNESDAY, OCTOBER 19.

IN 1874 the defendant entered into a contract with Rev. John F. Brazill, whereby he agreed to construct for said Brazill a church building. For the purpose of constructing the building he purchased of the plaintiffs a bill of lumber amounting to about $849.00. This action is brought to recover for such lumber. The plaintiffs in the first place declared upon account. Afterward, before answer or any appearance on the part of the defendant, they filed an amendment to their petition declaring upon a written order or bill of exchange, drawn by defendant in their favor upon said Brazill for $830. They averred that the consideration for which the same was drawn was the same indebtedness set out in the account. The defendant filed a motion to strike out the amendment, which motion was overruled and he excepted. He then filed a demurrer to the amendment, which demurrer was overruled and he excepted. He then filed an answer both to the original petition and to the amendment. The plaintiffs filed a motion to strike out parts of the answer to the amendment, which motion was sustained, to which the defendant excepted. There was a trial by jury. The court instructed the jury to find for the plaintiffs the amount of the order with six per cent interest from date. A verdict having been rendered accordingly, and judgment having been rendered thereon, the defendant appeals.

*N. A. Rainbolt*, for appellant.

*Brown & Dudley* and *Dyer & Fitchpatrick*, for appellees.

ADAMS, CH. J.:—I. The motion by defendant to strike out the plaintiffs' amendment to their petition is based upon the ground that it was filed without notice to defendant or leave

of court, and sets up a cause of action not mentioned in the original notice and inconsistent with the cause of action set out in the original petition.

As to the want of leave of court to file the amendment, it is sufficient to say that it is expressly provided in section 2647 of the Code that leave of court is not necessary where the amendment is filed before the answer. It is true that, before any advantage can be derived from the amendment, notice thereof must be served upon the defendant or his attorney. See section of Code above cited. But where the defendant appears to the amendment and moves to strike out, or demurs, or answers, the necessity for the service of notice must be deemed to be obviated. In this case the defendant appeared and moved to strike out. The objection, then, to the amendment, based upon want of leave of court, and want of notice, we think is not well taken.

*1. PRACTICE: pleading: amendment.*

As to the objection based upon the ground that the amendment sets up a cause of action not mentioned in the original notice, and inconsistent with the cause of action set up in the original petition, we have to say that we think that that also is not well taken. The plaintiffs by their amendment simply added a count to their original petition, and in that count they show that they declare for the same indebtedness. The original notice of a claim for the indebtedness in the form of an account must, we think, be deemed to cover a claim for the indebtedness in whatever other form it may be set up by amendment.

Nor do we think there is any such inconsistency between the two counts as should prevent their being joined in the same pleading. *Pearson v. Milwaukee & St. Paul R. Co.,* 45 Iowa, 497; *Jack & Toner v. Des Moines & Ft. Dodge R. Co.,* 49 Iowa, 627; *VanBrunt & Co. v. Mather et al.,* 48 Iowa, 503.

II. The defendant's demurrer to the amendment is based upon the ground that if he is indebted upon the account, as the petition avers, he could not be indebted upon the order.

*2. ——: ——:*

This may be conceded, and yet, under the authorities above cited, it is proper to plead the same indebtedness in different counts and in different ways.

· The plaintiffs insist that these rulings. of the court upon the motion to strike, and upon the demurrer, are not reviewable for the reason that the defendant waived his right to review thereon by answering. The defendant insists that his answer is not of such a character that it should be held to constitute a waiver. We have not gone into the question, as it appeared very clear to us that the action of the court in the rulings was without error.

III. The defendant, in his answer to the plaintiffs' amendment setting up the order, denied "that it was a written obligation of defendant, or new promise to pay, or any promise of defendant to pay the sum therein named, or that it was ever given with such intent or understanding between plaintiffs and defendant." The plaintiffs moved to strike out the words above quoted, and their motion was sustained. The defendant complains of the action of the court in this respect. He insists that the words should be taken with other words in the answer, wherein he avers that the order was given without consideration. But in the same answer the defendant says that the order was given for the lumber bill. It was certainly, then, not without consideration, and what "the intent or understanding" was the order shows, and it was not competent to aver and prove to the contrary.

IV. The defendant in his answer to the original petition averred " that as orignal contractors plaintiffs filed a mechan-3. STATUTE of ic's lien against said church building, and after-
limitations :
effect of filing ward negligently and carelessly suffered the same
mechanic's
lien. to be barred by the statute of limitations without attempting to enforce it." The plaintiffs moved to strike out the words above quoted and their motion was sustained. The defendant complains of the action of the court in this respect. The averment seems to have been drawn with the idea that where a person has a mechanic's lien, which he neglects to en-

force until it is too late, the debt itself becomes barred. But there is no warrant for such conclusion. and we do not understand the defendant as seriously maintaining that there is. His position now seems to be that if the plaintiffs filed a lien as contractors and not as subcontractors, as the averment shows, such fact would have the effect to show that they agreed to look to Brazill alone, as defendant avers that they did agree to do.

But the manner in which they filed their lien would at most be only an admission subject to explanation, and not necessary to be pleaded. We think that the court did not err in sustaining the motion.

V. Upon the trial the defendant offered to show that the plaintiffs filed a mechanic's lien. The plaintiffs objected to such evidence and the court refused to admit it.

In this we think that there was no error. The defendant did not offer to show that they filed a lien as contractors. In no other view could the filing of a lien have any significance, if indeed it could in that.

VI. One of the plaintiffs testified in their behalf. Upon cross-examination he was asked a question in these words:

4. DRAFT: parol evidence to vary terms of. "You then knew that if this order was good Brazill had the right to pay it in such material as he owed Bryan; that the order was drawn on such fund as Mr. Bryan had in the hands of Brazill, did you not?" The plaintiff objected to the question and the objection was sustained.

There was evidence tending to show that Brazill was to pay the defendant by turning out to him without recourse promissory notes of different individuals who were interested in securing the building of the church, and whose notes had been placed in Brazill's hands for that purpose. The defendant averred in his answer that the plaintiffs agreed to take their pay in such notes and to look to Brazill for them. The question was asked for the purpose of showing that the order drawn by defendant on Brazill was payable in such notes.

But the effect of such evidence would have been to contradict the order. By its terms it was payably in money. It was drawn in these words:

"$830.       MITCHELLVILLE, IOWA, October 22, 1870.

" To Rev. John F. Brazill.

"Please pay to Kimball & Mitchell eight hundred and thirty dollars and charge to the account of

SOLON BRYAN."

It is certainly not competent to show by parol evidence that an order drawn payable in money was understood in fact to be payable in something else. We think that the court did not err in excluding the evidence.

VII. The defendant insists that the court erred in instructing the jury to find a verdict for the plaintiff on the written order. He maintains that the evidence shows that the order was not duly presented to the drawee for acceptance, and that due notice of its non-acceptance was not given to the drawer.

*5. ——: liability of drawer: presentment and notice.*

It may be conceded that the general rule is that the drawer of an order like the one in question can be charged only by due presentment of the same to the drawee, and due notice to the drawer of dishonor. But this does not appear to be necessary where the drawer had no reason to suppose that the order would be honored. The rule as expressed in 1 Parsons on Notes and Bills, 532, is as follows: " The true test in our opinion in each case is this: Had the drawer under the circumstances a right to draw? This depends upon the fact whether he had a reasonable ground to expect that the bill would be honored or not. If he had such reason to expect it to be honored he is entitled to a regular presentment and notice of refusal to accept or to pay, and if not so entitled he cannot complain either for negligence in presenting and forwarding notice or for an entire neglect to do either." See also in this connection *Dickens v. Beal*, 10 Peters, 572; *Wallenweber v. Kitlerlirnes*, 17 Penn. St., 389; *Kinsley v. Robinson*, 21 Pick., 328.

The defendant's answer shows that in drawing the order upon Brazill he relied upon the proceeds of his contract with Brazill.   But according to the terms of that contract Brazill was to turn out notes without recourse.   We are unable to discover any ground upon which the defendant could reasonably have supposed that the drawee, Brazill, would honor an order payable in money.   We do not say that there must necessarily be money in the hands of the drawee to give the drawer a right to draw.   We can conceive of other circumstances which would probably be deemed sufficient.   But the circumstances of this case, we think, preclude the supposition of a right to draw.   Indeed the defendant in his answer says that the order was intended as nothing more than an assignment to the plaintiffs of an interest in the contract between him and Brazill.   Being drawn for money it is safe to say that defendant did not expect that Brazill would honor it upon presentment, and the evidence shows that Brazill refused so to do.

VIII.   Before the trial commenced the defendant moved for a continuance on account of the absence of a witness who lived at Des Moines.   He shows that he caused a subpœna to be issued and sent the same to the sheriff of Polk county to be served on the witness, and sent also five dollars to pay for service, mileage and fees.   Whether the subpœna was served is not shown.   The plaintiffs objected to the motion on the ground among others that it did not appear that the defendant exercised proper diligence.   We think that the objection was well taken.   The money sent does not appear to have been sufficient, to say nothing of a want of diligence in other respects.

6. PRACTICE: continuance.

We see no error in the rulings of the court, and the judgment must be

AFFIRMED.