## SADLER *et al.* v. OLMSTEAD.

1. **Pleading**: DIFFERENT COUNTS FOR SAME CAUSE. In the first count of plaintiff's petition he declared upon a contract for hay sold, and sought to recover the contract price. *Held* that this did not preclude him from setting up in another count an arbitration and award, in which the amount which defendant should pay for the same hay was determined; since but one recovery was sought upon the whole case, and plaintiff had a right to state his cause of action in different counts. (See *Pearson v. Railway Co.*, 45 Iowa, 497, and *Van Brunt v. Mather*, 48 Iowa, 503.)

2. ———: ADMISSION OF AWARD IS ADMISSION OF AGREEMENT TO ARBITRATE: EVIDENCE. Where plaintiff in one count sought to recover on a contract, and in another count sought to recover the amount of an award for the same thing, and the answer was a general denial, except as to facts admitted, and the award was admitted, *held* that this was, in effect, also an admission of the agreement to submit the matter to arbitration, and that it was error for the court to submit any other view of the case to the jury; but that, since the court proceeded upon the theory that there was an issue as to the submission to arbitration, it was inconsistent with that theory to exclude any evidence which tended to prove that the submission was fairly made.

*Appeal from Tama District Court.* — HON. L. G. KINNE, Judge.

### FILED, JANUARY 27, 1890.

THIS is an action at law to recover judgment for certain hay sold by the plaintiffs to the defendant. The defendant, by answer and counter-claim, averred that he had more than paid for the hay actually delivered to him, and demanded judgment against the plaintiffs. There was a trial by jury, and a verdict and judgment against the plaintiffs. They appeal.

*Brown & Miller*, for appellants.

*J. W. Willett* and *W. H. Stivers*, for appellee.

ROTHROCK, C. J.—The petition is in two counts. In the first count it is averred that the plaintiffs sold and

delivered to the defendant one hundred and three and three fourths tons of hay at the agreed price of six dollars per ton, and that defendant has paid them the sum of four hundred dollars, and that the sum of $222.50 is due and owing to the plaintiffs. The second count sets forth the same sale of hay, and avers that said hay was weighed by the defendant, and received without complaint. That afterwards the defendant refused to make payment therefor, and a difference arose between the parties concerning the amount due on said contract, and as to the amount of hay delivered pursuant thereto, and what, if anything, defendant owed plaintiffs by reason thereof, and, in order to settle and adjust amicably said difference, the plaintiffs and defendant orally agreed to submit and refer said differences to J. L. Bracken, as an arbitrator to determine said differences and matters, and make his award accordingly; and that both parties plaintiffs and defendant agreed to abide by said award, and perform the same. That said Bracken, after having examined the said hay and heard the statements of the parties, did make an award touching said matter, pursuant to said agreement, which award was in writing and figures as follows : "Whereas, differences have arisen between T. Brown and M. Sadler, of the one part, and N. G. Olmstead, of the other, concerning a contract for the sale and delivery of hay, and the amount of hay delivered by said Brown & Sadler to the said Olmstead, the parties appeared before me, and I took the statements of each, and considered the statements of both parties as to the contract, examined the hay, and measured it, also saw the weights made by Mr. Olmstead; and, after carefully considering the whole matter, I determined that the said N. G. Olmstead was indebted to said T. Brown and M. Sadler for eighty-five tons of hay, amounting to five hundred and ten dollars; that, four hundred dollars being paid on same, there is still due one hundred and ten dollars from the said N. G. Olmstead to the said T. Brown and M. Sadler.

"J. L. BRACKEN."

Sadler v. Olmstead.

The defendant answered the petition by a general denial, except as admitted. As a further answer, the defendant alleged that he agreed to purchase of plaintiffs one hundred tons of good, well-cured, merchantable hay, to be delivered to defendant at six dollars per ton; that defendants commenced to deliver said hay from their meadows, and delivered about ten tons, in a wet, uncured condition, and consisting largely of slough grass, and defendant refused to receive any more of said hay in said condition, under said contract; and that it was then verbally agreed by and between the said plain-tiffs and defendant that the balance of said hay should be delivered, placed in stacks, and when cured should be measured, and the number of tons be ascertained by measurement, and paid for accordingly; and that plain-tiffs, after that, delivered fifty tons, making sixty tons in all; and that the defendant paid the plaintiffs four hundred dollars. In another count of the answer the defendant demands judgment against the plaintiffs for forty dollars on account of the overpayment for the hay. The defendant answered the count of the petition based upon the arbitration as follows: "That it is true that after the hay mentioned in the said count was delivered there was a dispute, and difference arose, between plaintiffs and defendant; and defendant admits that J. L. Bracken made and signed the instrument set out in the said second count of said petition."

It is conceded that but one purchase of hay was made; and the plaintiffs sought to recover upon one **1. PLEADING: different counts for same cause.** count only of the petition. The court so treated the cause in the instructions to the jury. We do not think the position of defendant's counsel, that the first count of the petition is a waiver of the award, is correct. The plaintiffs sought, in both counts of the petition, to recover of the defendant for certain hay sold and delivered, and had the right to state the cause of action in different counts. *Pearson v. Railway Co.*, 45 Iowa, 497; *Van Brunt v. Mather*, 48 Iowa, 503.

The court instructed the jury upon the question of award as follows : "(3) If you find from a preponderance of the evidence that after the hay was delivered a difference arose between plaintiffs and defendant concerning the amount due on the contract for the sale and delivery of the hay, and as to the amount of hay in fact delivered; and if you further find that both parties agreed to, and did, refer said matters of difference to J. L. Bracken, an arbitrator, to determine, and that both plaintiffs and defendant then agreed to abide by the decision and award of said Bracken, and that, in pursuance thereof, the said Bracken did make the award which has been introduced in evidence,—then such award is binding on both parties thereto, and you will find for plaintiffs for one hundred and ten dollars; and if you find as above, then you will not consider the facts set out in the first count of plaintiff's petition, as in such case plaintiffs should not recover on said count.    (4) If you should fail to find that the matters referred to in instruction 3 were referred to J. L. Bracken, as arbitrator, then you will determine whether or not plaintiffs have established, by a preponderance of the evidence, the matters set out in the first count of their petition; and, if you find that plaintiffs sold and delivered to defendant good, well-cured, merchantable hay, under a contract for six dollars per ton, then you will ascertain how many tons of such hay were so delivered, and allow therefor six dollars per ton; and, after deducting from the aggregate sum so found. four hundred dollars, the balance, if any, will be your verdict for plaintiffs, unless you find that said original contract was changed after part of the hay was delivered."

*2. ——:admission of award is admission of agreement to arbitrate: evidence.*

We have stated the issues quite fully, for the purpose of determining just what was in controversy between the parties.    It is true the answer contains a general denial, except as admitted.    But it is admitted therein that after the hay was delivered there was a dispute and differences arose between plaintiffs and

defendant, and that J. L. Bracken made and signed the instrument set out in the petition. The plaintiffs claim that this was an admission that there was an arbitration and an award. We think the position must be sustained. It is true the answer does not in express terms admit that the difference between the parties was submitted to Bracken as an arbitrator, but that fact should be held to be admitted when the award is admitted, and not attacked in any manner; and we think the court erred in submitting any other view of the case to the jury. This is what is denominated a "common-law submission to arbitration;" and to defeat such an award it is necessary for the defendant to impeach the same in some proper manner. *Foust v. Hastings*, 66 Iowa, 522. And such a submission is always construed most liberally, and with a view to compelling parties to submit to the adjustment of their differences made by an arbitrator fairly chosen. The defendant did not impeach the award by his answer. If it was supposed by the pleader that he could admit the award without admitting that there was a submission to the arbitrator, we think it was a mistaken view of the law of pleading. And we may say, further, that, even if the proper issue had been raised by the pleadings, there is nothing in the evidence which would warrant any interference with this award. It appears that the parties differed as to the amount of hay. The defendant claimed that the number of tons should be ascertained by measuring the stacks after they had settled, and the plaintiffs contended that the weights of the loads as they were delivered should be considered. It appears from the award that the arbitrator took into account all the claims of the parties, and made his award accordingly.

We have not considered in detail all the assignments of error. There were a number of rulings upon the evidence as to the matters between the parties which were submitted to arbitration whereby the plaintiffs were not permitted to show all that occurred before and at the time of the arbitration. We think everything

pertaining to the differences between the parties should have been admitted in evidence, if it was allowable to introduce any evidence impeaching the award. As we have said, we do not think any attack could be made upon the award under the issues. But, upon the theory on which the case was tried, we think the plaintiffs ought to have been allowed to prove every fact which tended to show that the submission was fairly made. Under the instruction above set out, the jury should have returned a verdict for the plaintiffs for the amount found due by the award.        REVERSED.