B. M. BEHRENDS BANK v. DOBBINS PACKING CO.

First Division.   Juneau.   December 31, 1924.

No. 2436–A.

**1. Action ☞44—Same Cause of Action in Different Counts.**

Plaintiff's first cause of action contains two so-called counts —the first, for a balance of $1,441.06 due on a bill of exchange; the second, for the same amount for money paid out by plaintiff to the use and benefit of the defendant. On demurrer, *held*, there are many cases where it is proper to declare on the same technical cause of action in different forms.

**2. Pleading ☞53(1)—Separate Counts.**

Under peculiar circumstances, when the exact legal nature of the plaintiff's right and of the defendant's liability depends upon facts in the sole possession of the defendant, and which will not be developed until the trial, the plaintiff may set forth the same single cause of action in varied counts and with differing averments, so as to meet the possible proofs, which will, for the first time, fully appear on the trial. This proposition is plainly just and right, and is sustained by the authority of able courts.

**3. Action ☞1—Cause of Action Defined.**

The term "cause of action" must be distinguished from the remedy or relief asked in the complaint. The primary right and

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

duty and the delict or wrong combined constitute the cause of action, in the legal sense of the term as it is used in the codes of the several states. It is the entire state of facts which gives rise to an enforceable claim. It is the right claimed or wrong suffered by the plaintiff on the one hand, and these appear by the facts in each separate cause. As was stated by Mr. Pomeroy, it seems to me that the proper way for the plaintiff to have declared would be to separate his first so-called cause of action into two distinct causes—one declaring upon the bill of exchange as issued, and the other upon money had and received. However, as stated before, it is simply a question of nomenclature, and does not affect the validity of the complaint; demurrer overruled.

I have considered the general demurrer filed by the defendant to each cause of action in the complaint. The first cause of action contains two so-called counts. The first count is for a balance of $1,441.06 due on a bill of exchange alleged to have been issued by the defendant on the Western State Bank of Newport, Or., payable to the plaintiff, in the sum of $3,500. The second count is for money paid out by the plaintiff, in the sum of $1,441.06, to the use and benefit of the defendant. The second cause of action is on an account for work and labor performed between January 1, 1923, and December 31, 1923, by Charles R. Dobbins, in which he claims a balance of $357, which account has been assigned to the plaintiff. The third cause of action is on an account for work and labor performed by one Chas. R. Dobbins, in the sum of $1,200, assigned to the plaintiff. The fourth cause of action is on an account for work and labor performed by one Elmer S. Dobbins, in the sum of $349.24, assigned to the plaintiff.

R. E. Robertson, of Juneau, for plaintiff.
James Wickersham, of Juneau, for defendant.

REED, District Judge. Considering these several causes of action, as against a general demurrer that they do not state causes of action against the defendant, it is clear that the demurrer must be overruled.

Some question is raised as to the division of the first cause of action into two counts. This first cause of action, as before stated, is divided into two counts, one of which declares on a bill of exchange and the other for money had and received. Undoubtedly there are many cases where it is proper to declare on the same technical cause of action in different forms;

7 A.R.—18

the most common form approved by the courts is where the plaintiff declares on an express contract, and, when the contract has been performed, on a quantum meruit. Mr. Pomeroy, in his Code Remedies, par. 467, on this question says:

"Since the reformed pleading requires the facts to be averred as they actually took place, it does not in general permit a single cause of action to be set forth in two or more different forms or counts, as was the familiar practice at the common law. The rule is undoubtedly settled that, under all ordinary circumstances, the plaintiff who has but one cause of action will not be suffered to spread it upon the records in different shapes and modes, as though he possessed two or more distinct demands, and, when he does so, without special and sufficient reason, he will be compelled, either by motion before the trial or by an application and direction at the trial, to select one of these counts and to abandon the others. It is certain that different causes of action in the complaint or petition must, as a general rule, imply as many distinct causes of action held or claimed to be held by plaintiff. It cannot be said, however, that this rule is absolutely inflexible. As it is one of convenience simply, it must yield to the demands of justice and equity. Under peculiar circumstances, when the exact legal nature of the plaintiff's right and of the defendant's liability depends upon facts in the sole possession of the defendant, and which will not be developed until the trial, the plaintiff may set forth the same single cause of action in varied counts and with differing averments, so as to meet the possible proofs, which will, for the first time, fully appear on the trial. This proposition is plainly just and right, and is sustained by the authority of able courts."

Undoubtedly the plaintiff in this case could set forth, as two separate causes of action, his claim of relief for want of payment of the bill of exchange, and also he could declare for money had and received by the defendant. See Kimball v. Bryan, 56 Iowa, 632, 10 N. W. 218. The Dobbins Packing Company is admittedly a corporation, and the question might arise as to the authority of the person drawing the bill of exchange on the Western State Bank of Newport, Or. The authority of the person so drawing the bill of exchange would be within the knowledge of the defendant corporation, and therefore, if the defendant received certain moneys on the bill of exchange, the plaintiff could also declare on moneys received from it by the defendant to its use and benefit. The question whether the first cause of action should be separated into two counts is largely a question of nomenclature. Mr. Pomeroy, in paragraph 336, on this point says:

"All the Codes require that different causes of action should be separately stated. In other words, each must be set forth in a sepa-

rate and distinct division of the complaint or petition in such a manner that each of these divisions might, if taken alone, be the substance of an independent action. In fact, the whole proceeding is the combining of several actions into one. At the common law, these separate divisions of the declaration were termed counts, and that word is still used by text-writers and judges, although, with one or two exceptions, it is not authorized by the Codes, and it tends to produce confusion and misapprehension, since the common-law count was substantially a very different thing from the cause of action of the new procedure. In one or two states the term 'paragraph' is used to designate these primary divisions. The difficulty in the use of this term is that it is now very generally used in England and in most of the states, where the reformed system prevails, to designate the short subdivisions or allegations of fact into which each cause of action is separated, according to a mode of pleading which has become very common. The term 'cause of action' is perhaps as proper as any which can be used for the purpose. That such a separation should be made, and that each distinct cause of action should be stated in a single and independent division, so that the defendant may answer or demur to it without any confusion with the others, is plainly indispensable to an orderly system of pleading, and is expressly required by all the Codes."

Technically, the division in the complaint may be considered absolutely correct, for it claims that there is but one wrong or delict on the part of the defendant, in that it failed to repay certain moneys advanced by the plaintiff to the defendant. The term "cause of action" must be distinguished from the remedy or relief asked in the complaint. The primary right and duty and the delict or wrong combined constitute the cause of action, in a legal sense of the term as it is used in the Codes of the several states. It is the entire state of facts which gives rise to an enforceable claim. It is the right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant, on the other, and these appear by the facts in each separate cause. As was stated by Mr. Pomeroy, it seems to me that the proper way for the plaintiff to have declared would be to separate his first so-called cause of action into two distinct causes—one declaring upon the bill of exchange as issued, and the other upon money had and received. However, as stated before, it is simply a question of nomenclature, and does not in any way affect the validity of the complaint.

The demurrer will therefore be overruled.