ALLEN v. BIDWELL *et al.*

Venue: CHANGE OF: AMENDMENT. A proceeding to foreclose a mortgage was commenced in the county where the note secured thereby was, by its terms, made payable. Pending a motion made by defendant to change the venue to the county where he resided and the mortgaged premises lay, the plaintiff asked to amend his petition withdrawing that portion seeking a foreclosure of the mortgage, and asking judgment on the note alone. The proposed amendment was refused, and the application for the change of venue granted. *Held,* that the action of the court was erroneous.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 23.

ACTION on note and mortgage for judgment and foreclosure. Venue changed on application of defendants. Plaintiff appeals. The facts appear in the opinion.

*Rivers & St. John* for the appellant.

*McHenry & Bowen* for the appellees.

MILLER, J. — The mortgage in this case is upon land situated in Jasper county, and defendants reside in that county. The note which the mortgage was given to secure is, by its terms, " payable at B. F. Allen's banking-house, Des Moines, Iowa." The action was commenced in the county where the note is made payable.

The defendants appeared and moved for an order changing the venue to Jasper county on the grounds that the land mortgaged is situated, and the defendants all resided, in that county. The hearing on the motion was had on the same day it was filed, for the purpose of accommodating the attorney of defendant, and after argument on the motion the court stated to the attorneys that the motion would be sustained, but that the order granting the change should be subject to the right of the plaintiff to be heard

and to show cause why the order should not be set aside. The bill of exceptions also shows that plaintiff's attorney " afterward asked leave to file an amendment to his petition, * * * when the court told said attorney to present his amendment and that it would be passed upon." Whereupon the plaintiff's attorney presented an amendment to his orginal petition withdrawing therefrom " that part pertaining to the foreclosure of said mortgage, and from the prayer that part thereof asking a foreclosure of said mortgage, and asks judgment herein only on said note." The court refused leave to make the proposed amendment, because leave had not been asked before the motion for change of venue was filed, and because an order for change of venue had already been made. This ruling was accepted to, and is assigned as error.

A fair reading of the record in this case makes it apparent that the order for a change of venue was not finally made at the time of the proposed amendment; that although the court had announced that the change would be ordered, the matter was in fact held open for the plaintiff's counsel to be heard further, and to show cause against making the order final. The court still retained its power and control over the case. In this position of the case it was error to refuse the amendment. No answer had yet been filed, and the plaintiff had the *right* to amend his petition, even without leave of the court, at any time before answer filed. Rev., § 2975. And the plaintiff had also the *right* at any time, while the cause was subject to the control of the court, before the final submission of the same to the court or jury, " to strike from his petition *any cause of action or any part thereof*." Rev., § 2845.

As before remarked, the order for change of venue had not been finally disposed of, so as to place the cause beyond the power and control of the court, when the plaintiff proposed his amendment, and no answer having

been filed the plaintiff had the *right* to amend his pleading by striking out "any cause of action or any part thereof;" and the court erred in refusing to permit him to do so.

Whether the action, *as commenced*, was brought in the wrong county or not, we are not called upon to decide, since by the amendment of the petition the grounds upon which a change of venue was asked are removed, and that an action on the note may be maintained in Polk county is not controverted. See Rev., § 2798; *Heddrick & Gillespie* v. *Brandon*, 9 Iowa, 319.

The order changing the venue to Jasper county, and refusing the amendment is

Reversed.