SCHAENTGEN v. SMITH.

1. **Venue:** CHANGE OF. After one change of venue the party applying for another change must allege and show that the cause upon which he bases his application was not in existence when the first change was obtained.

*Appeal from Pottawattamie Circuit Court.*

SATURDAY, APRIL 20.

ACTION at law. Judgment for plaintiff. Defendant appeals.

Schaentgen v. Smith.

*Story & Hammond,* for appellant.

*Clinton, Hart & Brewer,* for appellee.

BECK, J.—The cause was brought in the Circuit Court of Fremont county, and the venue changed, upon application of plaintiff, to Pottawattamie county.  At the first term of the Circuit Court of the last named county, after the cause was filed therein, defendant moved to change the venue, on the ground of plaintiff's influence over the people of the county, and duly supported the motion with affidavits. It was overruled, and this action of the court constitutes the only ground of the single error assigned.

1. VENUE: change of.

Code, § 2591, provides that "after one change [of venue] no party is entitled to another for any cause in existence when the first change was obtained."  Defendant's application for a change did not show that the cause upon which he based it was not in existence when the former change of venue was ordered; for this reason the motion was overruled. Defendant's counsel insist that the language above quoted means that a party having had a change of venue is not entitled to another upon his own application, unless he shows that the cause did not exist when the first change was ordered.  But we think this is not the import of the language. Its obvious meaning is this: "After one change, either party to the action is not entitled to a change of venue for any cause in existence when the first change was obtained." Explanation and criticism upon the language could not make it plainer.

The court below rightly overruled the application for the change of venue.

AFFIRMED.