Groves v. Richmond.

GROVES ET AL. v. RICHMOND ET AL.

1. **Jurisdiction:** APPEAL: PRACTICE. No appeal can be taken from an order granting a change of venue. An unauthorized appeal will not confer jurisdiction upon this court, even by the silence or consent of both parties, and where the court acquires no jurisdiction, the law forbids more than the entry of an order of dismissal.

*Appeal from Palo Alto Circuit Court.*

TUESDAY, APRIL 18.

THIS is a proceeding by *certiorari,* directed to the defendants, who are members of the board of supervisors of Emmet county. The cause has twice before been in this court. See 53 Iowa, 570; 56 Iowa, 69.

Upon the cause being remanded by *procedendo,* after the second appeal, the plaintiffs made application for a change of venue, which was granted, and the cause was sent to Hancock

District Court. From the order of the Circuit Court of Palo Alto county changing the venue of the cause, defendants appeal.

*G. E. Clark* and *Jo. Harry Call*, for appellants.

*Soper & Allen,* for appellees.

BECK, J.—We have held that no appeal can be taken from an order granting a change of venue. *Allerton v. Eldrige,* 56 Iowa, 709. As an appeal in such case is unauthorized, this court acquires no jurisdiction and the cause remains in the court below.

1. JURISDICTION: appeal: practice.

This objection to the consideration of this case is not made by counsel, but as it involves the jurisdiction of this court, we cannot disregard it, because of failure of the parties to call our attention to it, and determine the questions discussed by counsel. When it is discovered that we have no jurisdiction of a cause, the law forbids us to do more than enter an order of dismissal. We cannot, by the silence or consent of both parties, acquire jurisdiction when not conferred by law.

The appeal must be

DISMISSED.