MICHAELS v. CRABTREE ET AL.

1. **Venue:** SECOND CHANGE OF: STATUTE CONSTRUED. Where, upon the application of defendants, a change of venue was granted from the Circuit to the District Court, *held* that it was error for the District Court to grant another change of venue on the application of plaintiff, in the absence of a showing that the cause on which plaintiff based his application was not *in existence* when the first change was granted. It was not a compliance with section 2591 of the Code for the plaintiff to allege that the cause on which the application was based came to his knowledge since the last continuance. The statute must be strictly complied with.

2. ———: EXCEPTION TO ORDER OF CHANGE: APPEAL TO SUPREME COURT. Where an erroneous order was made by the District Court, against the defendants' objection, changing the venue to the Circuit Court; and defendants duly excepted thereto, they did not waive their exception by going to trial in the Circuit Court, and by failing to raise the question again in the Circuit Court on a motion for a new trial or in arrest of judgment. The only way to reach the error was to take the proper exception and appeal from the final judgment.

*Appeal from Marshall Circuit Court.*

FRIDAY, OCTOBER 20.

THIS is an action to recover for the alleged breach of contract for the sale of cattle. There was a trial by jury and verdict and judgment for the plaintiff. Defendants appeal.

*Brown & Carney* and *P. M. Sutton*, for appellants.

*Caswell & Meeker*, for appellee.

ROTHROCK, J.—I. The action was commenced in the Marshall Circuit Court in January, 1880. In April of the same year the place of trial was changed to the District Court of the same county, upon the application of the defendants, upon the alleged ground that the judge of the Circuit Court was so prejudiced against them that they could not obtain a fair trial before him. In Februry, 1881, in vacation, the plaintiff made his application for a change of the place of trial, on the alleged ground that the judge of the District Court was so prejudiced against him that he could not obtain a fair trial before said judge. Notice was given of the application, and it was resisted by defendants. The motion was sustained, and the venue was changed to the Circuit Court of the same county, where a trial was had in October, 1881.

It is urged that the last change of place of trial was erroneously made. It appears that some two terms of the District Court intervened between the time of the change to that court and the application made to change the case from that court. The application set forth that the prejudice of the district judge came to the knowledge of the plaintiff and his witnesses "since the last continuance of this cause." In *Schaentgen v. Smith*, 48 Iowa, 359, it was held that after one change of venue the party applying for another change must allege and show that the cause upon which he bases his ap-

plication was not in existence when the first change was obtained. This is the construction we then placed on section 2591 of the Code. Counsel for appellant combats the decision in that case, and insists that it is an erroneous construction of the statute. We are content to adhere to it, and do not deem it necessary to again discuss the question. Under the rule in that case the last application was insufficient and should have been overruled.

It is urged that this question cannot be entertained, because the trial was had in the Circuit Court without objection, and the question was not raised on motion for a new trial, or in a motion in arrest of judgment. This did not waive the erroneous order. The proper objection was made when the motion was presented, and the order making the change was duly excepted to. The District Court passed upon the question over defendant's objection and exception, and it was not necessary to ask the Circuit Court to overrule the decision of the District Court. That appellants waived nothing by going to trial in the Circuit Court, see *Furgeson v. Davis County*, 51 Iowa, 220. No appeal could have been taken from the order changing the venue, and the only way to reach the error was to take the proper exception and appeal from the final judgment, *Allerton v. Eldridge*, 56 Iowa, 709. It is said the question as to the construction of the statute was not raised or passed upon by either the Circuit or District Court, and has not been presented by appellants in argument. We do not so understand the record and argument of counsel for appellants. It appears that on the hearing of the motion for the last change it was stipulated that one change had already been granted, and the defendants resisted the motion, and counsel in argument cite *Schaentgen v. Smith, supra.*

While upon this subject, we deem it proper to say that a party desiring a change of venue should be required to bring himself strictly within the statute authorizing such an order. There is nothing in this case to denote but that these parties

each honestly believed that the judges of the two courts were prejudiced against them, and the presumption must be indulged that the applications were made in good faith. But it is notorious that in many cases these affidavits for change of venue are made, charging the judge with prejudice, when the persons making them know that he is not acquainted with the parties to the suit, and has no knowledge of the matters in controversy. It is a fruitful source of perjury, and is often resorted to for the purpose of accomplishing some other end than that which the statute seeks to attain. Where these aspersions upon the impartiality, and even the integrity, of the judge are so freely indulged in, the law which authorizes it should be fully complied with, leaving nothing to inference or implication.

II. This cause must be reversed for the error above discussed. There are other errors assigned and discussed by counsel. And there are three abstracts and one motion in the case. The record is in a very confused condition—requiring us to resort to the transcript to determine whether appellants have such a record as would justify us in reversing rulings upon the evidence.

In this condition of the case, we cannot take the time to determine the questions raised. If the case should be again tried, and the same rulings made and an appeal taken, there will probably be no contention as to what is of record and what is not.

REVERSED.