WEARE & ALLISON v. WILLIAMS.

1. **Change of Venue:** WHAT IS: SECOND CHANGE. The statute relating to changes of venue does not contemplate a change of forum as distinguished from a change of the place of trial; and when the change is made on account of the prejudice of the judge, and is sent to another court of the same county, it is as much a change of the place of trial, within the meaning of the statute, as when it is sent to another county on account of the prejudice of the inhabitants; and when a change of either kind has been had, a second change cannot be had for any cause which was in existence when the first change was obtained.

2. **Practice on Appeal:** JUDGMENT ON WRONGFUL CHANGE OF VENUE. The judgment of a court in a case which has been sent to it upon an unlawful change of venue must be reversed, and the cause will be remanded to the court which granted the unlawful change. (*Ferguson v. Davis Co.*, 51 Iowa, 220, followed.)

*Appeal from Cherokee District Court.*

SATURDAY, JUNE 19.

ACTION on a promissory note. Trial by jury. Judgment for the defendant, and plaintiffs appeal.

*Cleland & Lothrop* and *E. C. Herrick*, for appellants.

*Argo, Kelly & Augir* and *A. F. Meservey*, for appellee.

SEEVERS, J.—This action was commenced in the circuit court of Woodbury county. On the application of the defendant, the place of trial was changed to the district court of said county, at the January term 1882. At the succeeding March term of the district court the defendant filed a motion, supported by affidavits, for a change of the place of trial, on the ground "that the plaintiffs have such an undue influence over the inhabitants of Woodbury county that the defendant cannot obtain a fair trial in that county. The plaintiffs objected to the motion on the ground that "no showing is made that the cause upon which the application is based was

not in existence when the first change was obtained." The objection was overruled, the motion sustained, and the place of trial changed to Cherokee-county. In so ruling appellants claim the court erred.

I. The statute provides that "after one change no party is entitled to another for any cause in existence when the first change was obtained." Code, § 2591.

**1. CHANGE of venue: what is: second change.** This statute was construed in *Schaentgen v. Smith*, 48 Iowa, 359; and it was there held that the affidavit upon which the second application is based must show that the ground relied on did not exist when the first application for the change of the place of trial was granted. This ruling was followed in *Michaels v. Crabtree*, 59 Iowa, 615. In the former case both applications were based upon the ground that the inhabitants of the two counties were so prejudiced against the party applying for the change that he could not obtain a fair trial; in the last case both applications were based on the ground that the judges of the circuit and district courts were prejudiced against the applicant. In this case the first change was based on the ground that the judge of the circuit court was prejudiced against the defendant, and the second on the ground that the plaintiffs had an undue influence over the inhabitants of the county, and, because of this difference, it is said that this case is not within the rule established in the cited cases. If we understand the argument of counsel for the appellee, their contention is that, when a change from the circuit court is granted on the ground of the prejudice of the judge, under the statute the case must be sent to the district court of the same county; and this counsel denominate a "change of forum;" and as the statute provides that, when the change is granted on the ground of the prejudice of the inhabitants, the case must be sent to another county, counsel contend that this is a change of venue or place of trial; and it is said, there is, in legal effect, a material distinction between a change of venue or place of trial and a change of

forum; and therefore counsel further contend that the statute providing that a second change cannot be made for a cause in existence when the first was obtained has no application, unless both applications are based on the same grounds; that is, the prejudice of the judge or of the inhabitants.

It is provided by statute that "a change of the place of trial in any civil action may be had * * * when either party files an affidavit * * * stating that the inhabitants of the county or the judge is so prejudiced against him, or that the adverse party, or his attorney, has such an undue influence over the inhabitants of the county, that he cannot obtain a fair trial." Code, § 2590. It is self-evident, it seems to us, that the statute does not contemplate a change of forum, as distinguished from the place of trial. It matters not what the ground of the change is, it is a change of the place of trial. Now, the statute, in express terms, provides that after one change no party is entitled to another for any cause in existence when the first was obtained. This clearly applies to all changes of the place of trial, whether because of the prejudice of the judge or of the inhabitants. The court, therefore, erred in granting a change of venue from the district court of Woodbury county.

II. On the merits of this controversy, the material question is whether the verdict is supported by the evidence; that is, whether there is any evidence tending to show that the plaintiffs had any notice of the illegal consideration prior to the time they paid value for the note. As there must be a reversal, we refrain from expressing an opinion on this question, for the reason that the evidence may not be the same on the next trial.

2. PRACTICE on appeal: judgment on wrongful change of venue.

The judgment of the district court of Cherokee county is reversed, and the case is remanded to the district court of Woodbury county. *Ferguson v. Davis Co.*, 51 Iowa, 220.

REVERSED.