## The Pittsburgh & Lake Superior Iron Company v. William M. Kirkpatrick.

*Landlord and tenant—Notice to quit—Agreement with agent.*

1. An agent cannot act for his principal in the same transaction in two inconsistent capacities, one favorable to his wishes and interests, and the other hostile to them.
2. A tenant cannot show that the agent of the landlord told him, shortly before serving a notice to quit, that the landlord (a corporation) only sent the notice to please one of the directors, and that the tenant need pay no attention to the notice.

Error to Marquette. (Stone, J.) Argued May 12, 1892. Decided June 10, 1892.

Summary proceedings to recover possession of land. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Hayden & Young,* for appellant, contended:

1. To the claim that the written notice to quit cannot be affected by a conversation relative thereto contemporaneously or prior in time therewith, plaintiff's counsel cites Wharton, Ev. § 920. In this section the writer says of what he calls "dispositive documents:" "Such documents are meant to bind the party uttering them in both his statements of fact and his engagements of future action." The present contention is not made against the party who uttered the document, but by him against a party who neither signed nor accepted it as such. Further, the same text-writer cited by plaintiff's counsel is authority for the statement that "parol evidence is admissible to show that there never was in fact any agreement at all." No one is bound by any statement upon which his mind did not meet,—to which he has not assented, even though he signed it. That writing, also, which is delivered with a contemporaneous understanding that it shall not have effect may always be defeated by proof of such contemporaneous understanding; citing Wharton, Ev. § 927. This notice to quit is nothing but an attempt to exhibit the intention of one

of the parties; and that party, by his oral statement, practically contemporaneous with the delivery of the document, destroyed the paper as an evidence of intention.

*E. E. Osborn,* for complainant.

GRANT, J. This is a summary proceeding to obtain possession of a house owned by the plaintiff, and occupied by the defendant and his family. The court below directed a verdict for the plaintiff.

Defendant had been in the employ of the plaintiff as book-keeper up to June 1, 1891, when his employment ceased. He was notified May 1 that his services would be no longer required. The house was required for the use of the man employed in his place. Defendant's father was the general agent of the plaintiff at its mine. Defendant did not leave the house upon the termination of his employment, and June 12, 1891, the plaintiff, through its general agent, caused a three-months notice to quit to be served upon him. This notice was regular. At the expiration of the three months defendant refused to surrender the premises.

Defendant sought to prove, upon the cross-examination of his father and by his own testimony, that his father told him, shortly before the notice was served, that the plaintiff was going to send him a notice to quit, but that this was done to please one of the directors of the company, and that he need pay no attention to it. The court excluded the evidence, and this presents the sole question in the case.

I think the ruling was correct. Joseph Kirkpatrick, plaintiff's agent, in causing this notice to be served, was not acting for himself, but for his principal. Plaintiff was entitled to the possession of the house, at least after serving notice to quit and the expiration of the time specified therein, if not upon the termination of defendant's employment. Defendant knew of the authority of

the agent and the purpose of the notice.   His offer was, in effect, to show a secret understanding between himself and plaintiff's agent, contrary to the express terms of the notice.   Such conduct on the part of the agent would be a fraud upon his employer's rights, and not binding. An agent cannot act for his principal in the same transaction in two inconsistent capacities, one favorable to his wishes and interest, and the other hostile to them.

The judgment is affirmed.

The other Justices concurred.