KAY & STEVENS, Appellants, v. A. I. PRUDEN, *et al.*

**Appealable Orders:** STRIKING PLEADING. An order striking out an amendment of the complaint, which added another defendant, alleged that he was jointly liable with the original defendant, and set up grounds for attachment as against him, is appealable (Code, section 3164), as affecting a substantial right.

**SAME:** *Change of venue.* While an order granting a change of venue is not appealable, the granting of a change may be reviewed in an appeal from the order striking said amendment

**Amendments:** LEAVE OF COURT. Plaintiff may amend without leave of court at any time before the answer is filed (Code, section 2647), though a motion to change the venue has been filed by defendant, and the amendment necessitates that the motion to change shall be overruled.

**Notice of Amendment:** WAIVER. Notice of the filing of an amendment to a petition as against one of the defendants, is waived by the appearance of such defendant and his motion to strike the amendment from the files.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, JANUARY 30, 1897.

ACTION at law to recover an amount alleged to be due for services rendered in effecting a sale of real estate. The defendant, A. I. Pruden, appeared, and filed a motion to change the place of trial. The plaintiff filed an amendment to his petition, making John Pruden a defendant. The amendment was stricken from the files on motion of A. I. Pruden. The motion for a change in the place of trial was sustained, and judgment rendered in favor of A. I. Pruden for an attorney's fee and expenses incurred in procuring the change. The plaintiff appeals.—*Reversed.*

*Z. C. Bradshaw* and *Botsford, Healy & Healy* for appellants.

*Stevenson & Lavender* for appellees.

ROBINSON, J.—The petition, as originally filed, asked relief as against A. I. Pruden alone, and alleged that in February, 1895, he and the plaintiff entered into a verbal agreement by which the plaintiff became his agent for the sale of a tract of land described; and that a sale was made under that agreement, by which the plaintiff became entitled to a compensation of five hundred and sixty dollars, for which the defendant was liable. Judgment for the amount claimed to be due was demanded. As grounds for an attachment the petition alleged that the defendant was about to remove permanently out of the county, and had property therein not exempt from execution, and that he refused to pay or secure the plaintiff. A writ of attachment was issued and levied on stock, which was afterwards released by the giving of a bond. On the seventh day of October, 1895, A. I. Pruden appeared in the action, and filed a motion for a change in the place of trial to Buena Vista county, on the ground that he was a resident of that county when the action was commenced. The motion was supported by his affidavit and the affidavits of his son, John Pruden, and others. On the next day A. I. and John Pruden, and R. Bradfield, whose affidavit had been used in support of the motion, were examined in open court. Their examinations tended to show that A. I. Pruden went from Calhoun to Buena Vista county three days before the action was commenced, and that he did so with the intention of making the last-named county his place of residence, although his family remained at his old home in Calhoun county. The testimony of the Prudens also tended to show that John Pruden,

who was a resident of Calhoun county, had an interest in the land sold, and that he was interested in having the sale made. When that testimony had been given, the plaintiff filed an amendment to its petition, making John Pruden a defendant, and alleging that the land was owned by him and his co-defendant jointly; that in his negotiations with the plaintiff in regard to it, A. I. Pruden acted for himself and for John Pruden, and that the latter is liable with the former for the indebtedness set out in the petition. A cause for attachment against John Pruden was set out in the amendment, and judgment was asked against both defendants. Notice of the amendment to the petition was served on John Pruden. After this was done, the plaintiff objected to the motion for a change of the place of trial, on the ground that there were two defendants, one of whom was a resident of Calhoun county. A. I. Pruden then filed a motion to strike the amendment, whereupon the plaintiff asked leave to file it, and was refused, the motion to strike was sustained, and the place of trial was changed to Buena Vista county. The notice of appeal states that the appeal is from the order which struck the amendment to the answer from the files, from the order granting the change of the place of trial, and from the judgment for the costs of the change.

It is the law of this state, that an appeal cannot be taken from an order granting a change of the place of trial. *Edgerly v. Stewart,* 86 Iowa, 88 (52 N. W. Rep. 1121); *Allerton v. Eldridge,* 56 Iowa, 710 (10 N. W. Rep. 252); *Groves v. Richmond,* 58 Iowa, 54 (12 N. W. Rep. 80). But there are orders from which appeals may be taken before final judgment, and, when an appeal from an order of that character has been taken, it may be made the means of reviewing all the rulings

of the court made at the time, or before the order appealed from was made. *Allerton v. Eldridge, supra.* The orders of which the appellant complains were made on the same day, and at the same time. It is true, that the record first recites the ruling which struck the amendment from the files, and then the order granting the change of the place of trial, but the rulings were so related, and so nearly simultaneous, that an appeal from one may bring up both for review. We are of the opinion, that an appeal was properly taken from the order striking the amendment to the petition from the files. An appeal may be taken from "an order made affecting a substantial right in an action, when such order, in effect, determines the action, and prevents a judgment from which an appeal might be taken." Code, section 3164 (1). If the statements contained in the amendment were true, the plaintiff had a substantial right as against John Pruden,—the right to recover of him the entire amount of its claim,—and the striking of the amendment prevented the obtaining of that relief, and also prevented a judgment on the claim, from which an appeal might have been taken. The case could have been prosecuted to final judgment as against A. I. Pruden, but that would not have affected the liability of John Pruden; and his interest in the land sold and his share in the sale were of such a character that not only was he a proper party to the action, but it was desirable that his liability should be considered and determined with that of his father. The amendment was certainly a proper one, if made in time. But it is said that, as it was made after the motion for a change of the place of trial was filed, it was too late. It was filed before A. I. Pruden had answered, and was within the terms of section 2647 of the Code, which provides that "the plaintiff may amend his petition without

leave at any time before the answer is filed, without prejudice to the proceedings already had; but a notice of such amendment shall be served on the defendant or his attorney." Under that section leave of the court to file an amendment to the petition is not required, and the plaintiff had the right to file the amendment in question, notwithstanding the refusal of the court to give him permission to do so, and the amendment was in fact duly filed.

Notice of the filing was not given, but it was waived by the appearance of the defendant, A. I. Pruden, and his motion to strike the amendment from the files. *Kimball v. Bryan*, 56 Iowa, 633 (10 N. W. Rep. 218).

It is urged that the filing of the amendment must be "without prejudice to the proceedings already had," and that is the requirement of the statute. But we do not think the filing of the amendment prejudiced any proceedings had in this case, within the meaning of that provision. The application for a change of the place of trial remained for consideration as it was before. The filing of it did not confer upon A. I. Pruden any vested right to a change. Whether he was entitled to it depended upon the conditions of the case as it was, or should have been, when the motion was acted upon by the court. In *Allen v. Bidwell*, 35 Iowa, 218, the defendants appeared, and moved that the place of trial be changed to another county. The motion was heard, and the court stated that it would be sustained. Before the formal ruling was made, however, the plaintiff asked leave to file an amendment which would have withdrawn from the petition the part which authorized a change of the place of trial; but the court refused to allow the amendment to be filed. On appeal this court held that, as the formal allowance of the change had not been made, and no answer had

been filed, it was the right of the plaintiff to file the amendment without leave of the court. The rule of that case is applicable to this, and authorized the filing of the amendment after the motion for a change in the place of trial had been made. It was therefore erroneously stricken from the files, and, had it been on file, the motion for a change of the place of trial could not have been granted, for the reason that a personal action against two or more defendants may be brought in the county in which one of them resides. Code section 2586. We conclude that the court erred in striking the amendment to the petition from the files, and in granting a change in the place of trial. Its orders and judgment for costs are therefore REVERSED.