W. L. BARRY, Plaintiff, v. BLACK HAWK COUNTY DISTRICT
COURT, and F. C. PLATT, one of the Judges thereof, De-
fendants.

**Certiorari:** REMEDY BY APPEAL.  Certiorari will not lie to correct an
erroneous ruling, no matter how palpable the error, if there is a
plain, speedy and adequate remedy by appeal.

**Change of venue:** APPEAL.  An appeal will not lie directly from a rul-
ing on a motion for change of venue; but on an appeal from the
final judgment the ruling on the motion to change may be reviewed.

**Certiorari:** NATURE OF REMEDY.  As a general rule certiorari is not
available to review a ruling upon a motion for change of venue, ex-
cept where the court has imposed illegal conditions or otherwise
acted illegally, or in excess of its jurisdiction.

**Same.**  The remedy in case one seeks to restrain the action of court in
case it proposes to act in excess of its jurisdiction, or for entire
want of jurisdiction, is a writ of prohibition and not a writ of
certiorari.

*Certiorari proceedings to the Blackhawk District Court.*

SATURDAY, NOVEMBER 21, 1914.

*Edwards, Longley, Ransier & Smith,* for plaintiff.

*Pickett & Swisher,* for defendants.

DEEMER, J.—The First National Bank of Waterloo, Iowa,
brought an action in the district court of Blackhawk county,
against plaintiff herein, W. L. Barry, to recover judgment on
a note for $594, executed by said Barry to the Peerless Cream
Separator Company of Waterloo, and by it indorsed to the
bank.  The note was payable at the First National Bank of

Waterloo, Iowa. Barry was and is a resident of Leon, in Decatur county, Iowa, and notice was served upon him in that county. He appeared to the action and filed an answer, from which we quote the following:

Defendant admits that on May 4, 1912, he executed and delivered to the Peerless Cream Separator Company of Waterloo, Iowa, a note, as alleged in plaintiff's petition, admits that the note was negotiated to the First National Bank of Waterloo, Iowa, by indorsement, but denies that plaintiff is now, or ever has been, the owner of said note for value. Defendant further states that said note was given to the Peerless Cream Separator Company of Waterloo, Iowa, to reprsent the value of certain cream separators, which had been placed in defendant's possession for sale by him, for the Peerless Cream Separator Company; that, to induce the defendant to execute and deliver the said note in suit, at the time of its execution and delivery it was agreed between the Peerless Cream Separator Company, and the defendant that when the said note matured, the defendant was to account to said Peerless Cream Separator Company for such cream separators as had been sold by him since the date of the execution and delivery of said note, and the said Peerless Cream Separator Company agreed at that time, to wit, the time of the making and delivery of the said note in suit, that at its maturity the said note would be delivered to defendant canceled, and that defendant could then execute and deliver a new note, representing the value of the cream separators remaining on hand and unsold, the said new note to be executed and delivered on the same terms and conditions as the said note in suit; that the above set forth agreement was a condition upon which the defendant herein made and delivered the note in suit, and that in violation of such agreement, and wrongfully, fraudulently, and unlawfully, the Peerless Cream Separator Company negotiated the said note to plaintiff herein.

This answer was a substitute for another, and was filed April 27, 1914. On the same day Barry filed an affidavit for a change of place of trial, the sufficiency of which is not questioned; and on the 18th of May, of the same year, he filed a change of venue bond, the form and sufficiency of which is

not challenged. The action was commenced for the January, 1913, term of the district court, and defendant filed his original answer February 13th of that year. At the same time he filed a petition for a rule on plaintiff in the main suit to produce books and records, which was granted February 18th of the same year. Plaintiff filed a trial notice for the September, 1913, term of court, and also for the term beginning in January, but by operation of law the case was continued to the May term, 1913, from the May term to the September term for that year, and from the September term to the January term, 1914, and from this latter term to the March term of that year. It seems that neither party made application for a continuance, and from the record we must assume that the case was continued by operation of law. The trial court denied Barry's application for change of place of trial, and this proceeding was brought in this court to review the correctness of that order, the petition alleging in substance that:

The said Blackhawk county district court, acting through Franklin C. Platt, one of the judges of the Tenth judicial district, has wrongfully, illegally, and in violation of the mandatory provision of chapter 202 of the Acts of the Thirty-Third General Assembly, retained jurisdiction of the cause entitled First National Bank of Waterloo, Iowa, v. W. L. Barry, wherein the motion for change of place of trial was filed, and is illegally assuming jurisdiction over said cause and retaining the same within the jurisdiction of said court.

The application for the change of forum was bottomed upon chapter 202 of the Acts of the Thirty-Third General Assembly, which, by its terms, is an amendment of section 3505 of the Code, relating to change of place of trial, and reads as follows:

Fraud in the Inception of Written Contracts. In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception

of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence. If upon the trial of the action judgment is rendered against the defendant, it shall include the reasonable expenses incurred by the plaintiff and his attorney, on account of change of place of trial, as part of the costs. The bond above referred to shall be with sureties to be approved by the clerk, in an amount to be fixed by the court or judge in vacation for the payment of all costs which may accrue in the action in the court in which it is brought, or in any other to which it may be carried, either to the plaintiff or to the officers of the court.

Section 3506 of the Code, relating to changes of venue, in general, reads:

Application for. The application for a change of place of trial may be made either to the court or to the judge in vacation, and if made in term time shall not be awarded until the issues are made up, unless the objection is to the court, nor shall such application be allowed after a continuance, except for a cause not known to the affiant before or arising since such continuance, and after one change no party is entitled to another for any cause in existence when the first was obtained.

And section 238 of the Code provides that:

Upon any final adjournment of the court, all business not otherwise disposed of shall stand continued.

That we may have all the written law before us, we here quote from the negotiable instrument act (section 3060-a52 of the Code Supplement) the following:

A holder in due course is a holder who has taken the instrument under the following conditions: . . . (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

And from section 3060-a58, this provision:

In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter.

Section 3060-a16 of the same act reads:

Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved.

And section 3060-a55 is as follows:

The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud.

Section 3060-a59 reads:

Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is

on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.

The Code also provides as to when an action of certiorari will lie, the section being as follows:

The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy and adequate remedy. (Section 4154.)

For defendant it is contended that the order made was correct, in that: (1) The fraud pleaded by plaintiff did not go to the 'inception of the note; (2) the ruling was discretionary, and plaintiff was not entitled to the change as a matter of right; (3) the action of certiorari will not lie for the reason that at most the ruling was erroneous and not illegal or in excess of jurisdiction; and (4) the application for the change was not made until after a continuance.

As we view the case it is not necessary to decide the merits of the controversy. This is an original certiorari proceeding to test the legality of the court's holding, and as a rule such an action will not lie to correct a mere error, no matter how palpable such error may be; and it is the universal rule that such an action will not lie if there is a remedy by appeal.

1. CERTIORARI: remedy by appeal.

It is true that this latter remedy must be plain, speedy, and adequate, and it is also true that an appeal will not lie directly from a ruling on a motion to change the venue of an action. But it is also true that upon appeal from a final judgment a ruling on a motion to change the place of trial may be reviewed. *Allerton v. Eldridge,* 56 Iowa, 709; *Kay v. Pruden,* 101 Iowa, 60; *Groves*

2. CHANGE OF VENUE: appeal.

*v. Richmond,* 58 Iowa, 54; *Bennett v. Carey,* 57 Iowa, 221; *Gilman v. Donovan,* 59 Iowa, 76.

Conceding that in some cases such a proceeding as this may be brought to review a ruling on a motion for a change of place of trial, as in *Chicago, B. & Q. R. R. Co. v. Castle,*

155 Iowa, 124, the general rule is to the con-

3. CERTIORARI: nature of remedy.
trary; for the reason that the district court has jurisdiction of the parties and of the subject-matter, and must pass upon the questions presented by the application for the change. Having the right to pass upon the application, it had the right to err in its conclusion, and the decision is, as a rule, a mere error, to be corrected on appeal from the final judgment. *Boynton v. Church,* 148 Iowa, 197; *Iowa Loan & Trust Co. v. Dist. Court,* 149 Iowa, 66; *Wise v. Chaney,* 67 Iowa, 73.

Of course if the court, in passing upon such a motion, imposes conditions not authorized by law, it acts illegally and in excess of jurisdiction, as in the *Castle* case, *supra.* If, on the. other hand, it simply denies or sustains the motion or application, its act is simply erroneous and cannot be reviewed by certiorari.

In *Castle's* case the court imposed conditions on its order which were in excess of jurisdiction, and had the plaintiff complied therewith, it would doubtless have waived its right of appeal. Moreover, the court refused to grant any certificate for appeal. The order, or rather the conditions attached to it, were in excess of jurisdiction, and therefore void, and there was no remedy by appeal. Not so here.

In the other cases cited and relied upon by plaintiff's counsel, there was an entire want of jurisdiction to do the act complained of. Of this type are *Voting Machine Co. v. Hobson,* 132 Iowa, 38; *Bardes v. Hutchinson, Judge,* 113 Iowa, 610; *Callanan v. Lewis,* 79 Iowa, 452.

But plaintiff says that the trial court still retains jurisdiction of the case and will hold defendant to trial in Blackhawk county. In answer it is sufficient to say that what. he

is doing or intending to do is a mere inference resulting from the ruling on the application. It may be a correct one, but there is no complaint of any affirmative order affecting plaintiff's rights except the order denying the change.

It may be that a writ of prohibition might have been secured, to prevent future action, but the writ of certiorari is to review some ruling made by the trial court. If one seeks to restrain the action of a court because it proposes to act in excess of its jurisdiction, or because of an entire want of jurisdiction, he must do so by writ of prohibition and not by writ of certiorari. The latter writ is in the nature of a bill of review or writ of error, although limited in its application to such orders as are illegal because of want of or in excess of jurisdiction. If plaintiff has any relief, he must challenge the order upon appeal, and not by writ of certiorari.

4. SAME.

The petition will therefore be denied, and the writ quashed and dismissed.—*Dismissed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concurring.