OF THE

STATE OF IOWA

AT

DES MOINES, JANUARY, 1915, TERM,

AND IN THE SIXTY-NINTH YEAR OF THE STATE.

---

J. L. DAUS, Appellant v. WM. H. SHORT, Appellee.

PRINCIPAL AND AGENT: Authority of Agent to Employ—Employ-
ment of Agent's Minor Son—Validity. An agent, authorized by
his principal to employ necessary help, may not employ his own
minor son. "Loyalty to his trust, the first duty of the agent," is
a rule of law so inflexible that he will not be permitted to do that
which may even tempt him to do wrong.

APPEAL AND ERROR: Appeal from Motion to Strike—Bill of Ex-
ceptions. No bill of exceptions is necessary on an appeal from an
order striking certain matter from the petition, no evidence having
been taken.

APPEAL AND ERROR: When Appeal Lies—Motion to Strike—Bill
of Exceptions. An appeal lies from an order striking from the
petition allegations wherein recovery is sought on certain items.

VOL. 169 IA.—1

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

FRIDAY, FEBRUARY 12, 1915.

ACTION by plaintiff to recover for services of his minor sons, and for other items. There was a motion to strike that part of the petition by which plaintiff sought to recover for such services. The motion was sustained, and the plaintiff appeals.—*Affirmed.*

*George W. Kephart* and *P. H. Konzen,* for appellant.

*Griffin & Page,* for appellee.

PRESTON, J.—Plaintiff was employed by the defendant to manage defendant's farm in Woodbury County, Iowa. The petition alleges that the verbal contract for the employment

**1. PRINCIPAL AND AGENT: authority of agent to employ: employment of agent's minor son: validity.**

of plaintiff's two minor sons was made between himself and sons under a general verbal authority given by defendant to plaintiff to employ whatever help was necessary to properly carry on the operations of defendant's farm; the petition further alleges that the labor was performed by his said two sons during the years 1907 to 1910, and that they did work for defendant in the sum of $331.25.

The grounds of defendant's motion to strike were that: The petition and the amendments thereto contain the allegations that during all of the times for which plaintiff claims compensation from defendant for labor performed by the minor sons of plaintiff, the plaintiff herein was the agent of defendant and was employed to act in the interests of the defendant, who was his principal, and that in the alleged employment of the two minor sons of plaintiff, the plaintiff himself being entitled to any compensation which defendant might have to pay for their services, he was necessarily acting

for himself when his interests were adverse to the interests of his principal, and consequently he could make no valid contract which would bind his principal. The motion seems to have been treated as a demurrer.

The petition states that one son performed forty days labor in 1907, forty days in 1908, five months in 1909, and five months in 1910, and the other son, twelve days in 1909 and thirteen days in 1910; that there was no agreement as to the amount plaintiff should pay his sons, but that their services were worth the amount charged. The labor performed was ordinary farm labor, we take it from the statement of account. Counsel for appellant contend that the facts recited in the petition do not show that the interests of plaintiff and defendant were adverse, but they say, admitting for the sake of argument that they were adverse this does not relieve the defendant from the obligation of a contract which he authorized and from which he accepted and retained benefits; that by demurring to the petition defendant admits that the services were performed as alleged, and that the amount claimed is the reasonable value therof. There is no allegation in the petition that defendant accepted the services or that he had any knowledge thereof or consented to the arrangement.

The services of the minor sons of plaintiff belonged to the plaintiff, and the effect of the contract between plaintiff and his sons to employ them for defendant is that plaintiff was contracting with himself, and this would be contrary to his duty to the defendant and would place the plaintiff in such a position as that his interests would be antagonistic to those of the defendant, his principal.

Counsel for appellant also contend that fraud will never be presumed, and that there is nothing in the pleadings to show that the interests of the parties were adverse to such an extent that the plaintiff could not make a binding contract for the employment of his minor sons, and that there is nothing in the pleadings to reflect upon the fairness and good faith of the contract. But the facts are stated by which it is

shown that plaintiff did employ his minor sons whose services belonged to him.

For appellee, it is contended that where an agent enters into a contract in which his interests are antagonistic to those of his principal, it is not necessary to show that an improper advantage was taken or that there was actual fraud. The law does not presume that such transactions will always be impressed with fraud, but they furnish an inducement to fraud, and afford to persons who should always act with the most conscientious and scrupulous good faith opportunities to abuse their trust; that a total disability is therefore enjoined to take away all temptation, and the transaction will be set aside without inquiry as to its fairness. In support of their contention, they cite: *Iron Co. v. Kirkpatrick,* 92 Mich. 252; *New York Central Ins. Co. v. National Ins. Co.,* 14 N. Y. 85, 91; *Sturdevant v. Pike,* 1 Ind. (Carter) 277; *Porter v. Woodruff,* 36 N. J. Eq. 174; *Grumley v. Webb,* 100 Am. Dec. 304.

The rule as stated in the books is that loyalty to his trust is the first duty which the agent owes to his principal, and the agent may not put himself in relations antagonistic.

So careful is the law in guarding against the abuse of fiduciary relations that it will not permit an agent to act for himself and his principal in the same transaction, as to buy of himself as agent the property of his principal, or the like. To repudiate them, the principal need not show himself damnified. Whether he has been or not is immaterial. Actual injury is not the principle the law proceeds on in holding such transactions void. Fidelity in the agent is what is aimed at, and as a means of securing it the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interest to disregard that of his principal. And it makes no difference that the intention of the agent was honest and the result of his action might be to the advantage of his principal; the latter may still repudiate it. The tendency of such transactions is bad, and a good intention in a particular case will not save it, unless the prin-

cipal sees fit to affirm it. The remedy of the principal in such a case is usually the repudiation of the transaction.

It does not appear in this case that defendant resided in Woodbury county, where the farm was situated, or even in the state, and, so far as appears from the record, the defendant repudiated the transaction when it was called to his attention by the bringing of this suit.

**2. APPEAL AND ERROR: appeal from motion to strike: bill of exceptions.** Appellee has filed a motion to dismiss the appeal because the abstract contains no judgment from which an appeal may be taken, and because the abstract is not signed, and some other like grounds.

No evidence was taken, so that no bill of exceptions was required. The abstract is brief, containing only the petition, motion for more specific statement, amendments, motion to strike, and notice of appeal. The ruling on such a motion is appealable. It fully determined the plaintiff's right to recover and precluded a recovery as to that part of his petition relating to the wages of his sons. Code Sec. 4101; *Hews v. Stonebraker,* 132 Iowa 608. The motion to dismiss is overruled.

**3. APPEAL AND ERROR: when appeal lies: motion to strike: bill of exceptions.**

For reasons given, the judgment is—*Affirmed.*

DEEMER, C. J., EVANS and WEAVER, JJ., concur.