FRANKLIN E. SMITH, Appellee, v. O. C. MORRISON, Appellant.

**APPEAL AND ERROR:** Appealable Orders—Denial of Change of Venue
1 —Review. While direct and immediate appeal will not lie from an order denying a change of venue, yet such order is reviewable on appeal from a subsequent order refusing to strike an improperly joined cause of action. (See Book of Anno., Vol. I, Sec. 12823, Anno. 14 *et seq.*)

**VENUE:** Unallowable Place of Suit. All of three separately joined
2 causes of action are brought in the wrong county (1) when brought in a county which is not the residence of the defendant; (2) when one cause of action authorizes suit in the said county, but on its face reveals a presumption of full payment; and, (3) when the other two causes of action are admittedly not suable in said county.

**PAYMENT:** Presumption. In an action on a claim which calls for pay-
3 ments in a *particular* manner, a presumption of payment in full will be indulged when the credits set up in the pleadings equal the full amount of said claim, even though other separate causes of action are joined with the first claim.

Headnote 1: 3 C. J. pp. 436, 473; 4 C. J. p. 680. Headnote 2: 40 Cyc. p. 96. Headnote 3: 30 Cyc. p. 1269.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 8, 1927.

Action upon contract for material and labor. The defendant filed a motion for change of venue and to strike parts of the

petition. Both motions were overruled, and he appeals.—*Reversed and remanded.*

*B. I. Salinger* and *George Cosson*, for appellant.

*Parsons & Mills*, for appellee.

STEVENS, J.—Appellant is a resident of Carroll County. On or about August 2, 1924, he made a proposition in writing to appellee to furnish and install for him, in an apartment building at Carroll, Iowa, 13,000 square feet of terrazzo flooring, at 25 cents per square foot. The proposal was accepted two days later. The written agreement provided for monthly payments to be made at the office of appellee in the city of Des Moines, on or before the 15th of each month, of 85 per cent of the value of the material delivered at the building, ready to be installed, and 90 per cent of the work done on the building during the preceding month. An itemized account is attached to the petition, which shows a total indebtedness of $4,791, and total credits of $3,340.45, leaving a balance due of $1,450.55.

The petition alleged that, on September 29, 1924, appellee orally agreed to do certain terrazzo work on the outside entrance to the basement of the apartment building, for the sum of $633. It is further alleged that, on December 22, 1924, an agreement in writing was entered into between the parties, by which appellant agreed to pay appellee $250 for completing the terrazzo work on the inside stairs of the building, same to be completed before December 30, 1924. No place of payment is specified in this contract.

Appellant appeared, and filed a motion for change of venue to the county of his residence. Resistance being filed to the motion, appellant then, with leave of court, moved that the cause of action based upon the alleged oral contract to do terrazzo work on the outside entrance of the basement to the apartment house, and the cause of action based upon the alleged written contract to do certain work on the inside stairs of the building, be stricken, upon the ground that these causes of action cannot be maintained against appellant in Polk County, either separately or as a part of another action, even if properly brought therein. All of these motions were overruled.

I. The first proposition urged by appellee is that direct and immediate appeal does not lie from an order overruling a motion for change of venue. Such is the rule in this state. *Allerton v. Eldridge,* 56 Iowa 709; *Groves v. Richmond,* 58 Iowa 54; *Horak v. Horak,* 68 Iowa 49; *Edgerly & Co. v. Stewart & Hunter,* 86 Iowa 87; *Kell v. Lund,* 99 Iowa 153; *Wagner v. Glick,* 177 Iowa 629; *Atchison, T. & S. F. R. Co. v. Mershon,* 181 Iowa 892; *Northwestern Trading Co. v. Western L. S. Ins. Co.,* 180 Iowa 878. If, however, the defendant has a right of appeal, and appeals from subsequent adverse rulings, he may then have the order denying a change of venue reviewed. *Allerton v. Eldridge,* supra. This brings us to the second contention of appellee, which is that an appeal does not lie from a ruling denying a motion to strike parts of a pleading. An appeal from an order overruling a motion to strike is, however, in some cases appealable. *Daus v. Short,* 169 Iowa 1; *Birks v. McNeill,* 177 Iowa 567; *Weeksman v. Powell,* 178 Iowa 991; *Seiffert & Wiese Lbr. Co. v. Hartwell,* 94 Iowa 576.

1. APPEAL AND ERROR: appealable orders: denial of change of venue: review.

In addition to the exceptions noted in the cases just cited, there is another exception. A cause of action not separately maintainable against the defendant in the county where brought, cannot be joined with another cause of action properly brought therein. A cause of action thus joined may, on motion, be stricken. In case of an adverse ruling on the motion, appeal will lie. *First Nat. Bank v. Shriver,* 152 Iowa 504. The holding in the above cited case is in strict harmony with Section 10960 of the Code of 1924, which is as follows:

"Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition."

*Leytham v. Hassett,* 200 Iowa 199, is directly in point.

Appellant has appealed from all of the adverse rulings of the court.

Two questions remain to be decided. First, does the record in this case show that the action as to all of the matters involved was commenced in the wrong county; and, second, if not, should

the motion to strike have been sustained? If the first question be answered in the affirmative, the second requires no further consideration.

2. VENUE: unallowable place of suit.

The original contract was for the purchase of 13,000 square feet of terrazzo flooring, at 25 cents per square foot. This amounted to $3,250. The remaining items of the account are for labor, patching holes in terrazzo floors, extra work, and the two items represented by the written and oral contracts before referred to. The total amount of credits exceeds the amount of the original contract. The petition does not show the exact amount due each month under the contract, but it does disclose that monthly payments were made. In the absence of some allegation in the petition to the contrary, we think it should be assumed that the credits were applied on the contract until the amount due thereon was fully paid. The contract is specific, and refers to a specific quantity of flooring. It is true that the word ''approximately'' is used, but it is indicated by the account that the estimate of square feet was accurate.

3. PAYMENT: presumption.

So far as appears on the face of the petition, there was nothing due on the original contract, and action for the other items of the account and on the later oral and written contracts could be maintained only in the county of the defendant's residence. Sections 11038 to 11040, inclusive, Code of 1924. We conclude, therefore, that the motion for change of venue should have been sustained.

It follows that the order and judgment denying a change of venue is reversed, and the cause remanded to the district court for such further proceedings as may be necessary in harmony herewith.—*Reversed and remanded.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.